MARGARET SAUTTER, DEFENDANT IN ERROR, v. THE SUPREME CONCLAVE IMPROVED ORDER OF HEPTASOPHS, PLAINTIFF IN ERROR.

Submitted December 10, 1906—Decided March 4, 1907.

Where the record brought up by a writ of error discloses no final judgment in an action at law there is no matter for review, and the writ must be dismissed.

On error to the Supreme Court.

For the plaintiff in error, *W. Holt Apgar*, with whom was *Olin Bryan* (of the Maryland bar).

For the defendant in error, *Joseph A. Beecher*.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. We find it impossible to consider the questions presented by the elaborate briefs of counsel, for the writ of error in this case discloses no final judgment in the court below.

The declaration is upon a benefit certificate in favor of a beneficiary therein named. It would seem, from the state of the case, that the pleas once filed to the declaration were, with consent of counsel, withdrawn from the files, and two pleas were substituted. One of those pleas was the general issue. The other was a special plea in bar. To the latter plea the plaintiff demurred, and the demurrer was sustained by the Supreme Court. No further proceedings were taken in that court. There has been no determination of the damages, and consequently there has been no final judgment rendered. Moreover, the record discloses a plea of the general issue undisposed of, and that must require the disposition of the issue thus tendered before final judgment can be entered.

Nothing is better settled than that a court of review will not consider questions presented upon interlocutory or temporary orders of a court of law, but will consider only questions raised after final judgment. *Cole* v. *Wooden,* 3 *Harr.* 15; *Rutherford* v. *Fen,* 1 *Zab.* 700; *Allen* v. *Tyler,* 3 *Vroom* 499; *Cooper* v. *Vanderveer,* 18 *Id.* 178; *Parks* v. *State,* 33 *Id.* 664.

The writ of error must therefore be dismissed.