WALTER L. CHAMBERS, DEFENDANT IN ERROR, v. PHILADELPHIA PICKLING COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1910—Decided March 6, 1911.

Plaintiff's declaration contained two counts; defendant demurred to one count and pleaded to the other; the Supreme Court overruled the demurrer; without disposing of the issue joined on the plea, defendant sued out a writ of error to review the decision overruling its demurrer. *Held*, that this decision is not reviewable until final judgment.

On error to the Supreme Court, whose opinion is reported in 50 *Vroom* 1.

For the plaintiff in error, *Wilson & Carr.*

For the defendant in error, *Wescott & Wescott.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR. This is an action upon contract. The record shows that the defendant's demurrer, which the

Supreme Court decided in favor of the plaintiff, was addressed solely to the first count of the plaintiff's declaration. The declaration contains also a second count, in form the usual combination of the common money counts in *assumpsit,* and to this count the defendant filed a plea which, so far as appears (and as we presume, in view of *Pamph. L.* 1903, *p.* 572, § 129), remains undisposed of.

The plaintiff in error (defendant below) seeks to review the decision rendered by the Supreme Court upon the demurrer. But it is plain that there is before us no final judgment of that court such as is the proper subject-matter of a review in this court. The return to the writ of error discloses merely that a rule has been entered in the minutes of the Supreme Court to the effect "that the plaintiff have judgment overruling said demurrer, with costs to be taxed." This is not, either in form or in substance, a final judgment. The case differs materially from *Tomlinson* v. *Armour & Co.,* 46 *Vroom* 748. There the defendant demurred to the entire declaration, and this demurrer was sustained by the Supreme Court. The return to our writ of error contained what was certified by the Supreme Court as the record of the judgment called for by the writ. While informal, it was, in effect, a final determination of the merits of the cause, and was equivalent in substance to a judgment that plaintiff should take nothing and that defendant should go without day.

In the present case, the decision of the Supreme Court appears on its face to determine only the issue of law, and not the issue of fact that has been joined between the parties. Even though we should treat defendant's action in prosecuting the present writ of error as amounting to a waiver of the privilege of applying for leave to withdraw the demurrer and plead to the first count of the declaration (see *Bretthauer* v. *Jacobus,* 50 *Vroom* 223), yet this, of course, does not amount to a waiver of the issue of fact joined upon the second count. Were this court to affirm the decision of the Supreme Court, there must be a trial of that issue, as well as an ascertainment of the plaintiff's damages upon the count demurred to, before final

judgment could be entered. The case is in this respect like *Sautter* v. *Order of Heptasophs*, 45 *Vroom* 608.

The decision of the Supreme Court is not reviewable here until the litigation has resulted in a final judgment. *Gen. Stat.*, *p.* 1391, § 1.

The writ of error will therefore be dismissed, with costs.