DAVID MacMULLEN v. NORMAN W. KINGSLEY AND HELEN McKECKNEY.

Submitted January 4, 1912—Decided January 29, 1912.

1. Under the act of April 3d, 1902 (*Pamph. L., p.* 565), as amended by chapter 138 of *Pamph. L.* 1910, *p.* 236, an appeal cannot be taken to the Supreme Court until after final judgment is rendered in the District Court. The action of the judge of the District Court in granting an adjournment is not such a final judgment.
2. By agreeing upon the state of the case on appeal from a District Court, the attorney admits nothing more than that the facts therein stated are correct, and that the legal questions ·the appellant seeks to have the Supreme Court pass upon are truly stated. It is not a waiver of the right to move to dismiss the appeal upon the ground that there is no final judgment.

On motion to dismiss appeal.

Before Justices TRENCHARD, MINTURN and KALISCH.

For the motion, *Joseph H. Lecour, Jr.*

*Contra, Addison Ely.*

The opinion of the court was delivered by

TRENCHARD, J. This is a motion to dismiss an appeal taken by the defendant McKeckney from the action of the judge of the Second District Court of Bergen county granting an adjournment of the trial at the plaintiff's request.

The suit was brought by David MacMullen against Norman W. Kingsley and Helen McKeckney. On the return day of the summons, the attorney for the plaintiff asked for an adjournment and stated that his witnesses were not in court. The attorney for the defendant McKeckney stated that his client was in court, and moved the trial of the case, or, in default thereof, for a nonsuit, and opposed the adjournment. The judge granted an adjournment. The defendant McKeckney thereupon gave notice of an appeal. There was no trial and no

final judgment. The plaintiff now moves to dismiss the appeal.

We are of opinion that the appeal must be dismissed.

Section 1 of the act of April 3d, 1902 (*Pamph. L., p.* 565), as amended by chapter 138 of *Pamph. L.* 1910, *p.* 236, providing for appeals from District Courts, declares that "if either party in any action or proceeding in any District Court of this state shall be dissatisfied with the determination or direction of such District Court, in point of law or upon the admission or rejection of evidence, such party may appeal from the same to the Supreme Court, "upon terms prescribed in the act."

It is implied, although not expressed in the act, that the appeal shall not be taken until after final judgment be rendered in the District Court. *Katzin* v. *Jenny,* 45 *Vroom* 131; *Smith* v. *Oathout,* 46 *Id.* 438.

The action of the judge of the District Court in granting an adjournment is not such a final judgment. Therefore, the appeal was prematurely taken.

Nor is there any merit in the contention that the mere agreement by the plaintiff's attorney to the state of the case is a waiver of the right to move to dismiss the appeal.

Section 2 of the act of 1902 (*Pamph. L., p.* 566) declares that "such appeal shall be in the form of a case agreed on by both parties or their attorneys, and if they cannot agree, the judge on being applied to by them or their attorneys, shall settle the case and sign it, and such case shall be transmitted by the appellant to the clerk of the Supreme Court," &c. The function of the state of the case is to set forth how the disputed legal questions arose and how they were disposed of by the court below. *Katzin* v. *Jenny, supra; O'Donnell* v. *Weiler,* 43 *Vroom* 142.

The defendant's appeal, and the giving of the security required by the statute, operated as a stay of proceedings in the District Court. Chapter 138 of *Pamph. L.* 1910, *p.* 236. As we have pointed out, it thereupon became the duty of the appellant to transmit to the clerk of the Supreme Court a state of the case. By agreeing upon such a state of the case, the attorney admits nothing more than that the facts therein stated

are correct, and that the legal questions the appellant seeks to have the Supreme Court pass upon are truly stated. It is not a waiver of the right to move to dismiss the appeal upon the ground that there is no final judgment. In these respects the agreement upon the state of the case by the parties has no other or further effect than would the case settled by the District Court judge.

The appeal will be dismissed, with costs.