GEORGE W. YOUNG, ADMINISTRATOR OF FRED LE ROY
YOUNG, DECEASED, PLAINTIFF-APPELLANT, v. THE
BOARD OF EDUCATION OF THE TOWNSHIP OF HILLS-
BOROUGH IN THE COUNTY OF SOMERSET, DEFEND-
ANT-RESPONDENT.

Argued March 12, 1913—Decided June 18, 1913.

On appeal from the Supreme Court.

For the appellant, *Clarence Garretson* and *Edward P. John-son.*

For the respondent, the board of education of the township
of Hillsborough, *Daniel H. Beekman.*

PER CURIAM.

The plaintiff in error complained of the defendants, the
Central Railroad Company, William Walsh and the board of
education of the township of Hillsborough in the county of
Somerset, that the railroad company possessed and operated
a railroad and the board of education possessed and con-
trolled a school and the lands used in connection therewith
adjoining the railroad; that the railroad company willfully
neglected to erect and maintain a fence as required by law
along the side of its railroad toward the school house or be-
tween its lands and those of the school, and thereby permit-
ted and invited the plaintiff's decedent, a young school boy,
to go upon and along the railroad and its lands; that the
board of education through its servants, agents and employes,
was charged with the safekeeping and care and safety of the
boy, but negligently and carelessly permitted the school
lands to be wholly unguarded and unprotected by any fence
or other enclosure by means whereof the boy was negligently
and carelessly permitted to go upon the railroad and lands
of the railroad and was struck and killed by one of its trains,
operated by the defendant, William Walsh, its engineer.

The plaintiff was met by a motion to strike out the complaint against the board of education upon the ground that it did not disclose a cause of action against the board, and that there was no liability, implied or otherwise, for neglect or misconduct, if any, on the part of the board. The motion came on to be heard before Mr. Justice Bergen, who made an order which recites that the complaint does not disclose a cause of action against the board of education and orders that it be stricken out as to that defendant. There was no opinion. The plaintiff appeals from the order thus made. The record does not disclose any proceedings against the other defendants, the Central Railroad Company and William Walsh, and there is no final judgment in the case. In this posture of the record the appellant cannot have the review he seeks.

At common law a writ of error would not lie until after final judgment. See *Cooper* v. *Vanderveer,* 18 *Vroom* 178; *Taylor Provision Co.* v. *Adams Express Co.,* 43 *Id.* 220. Such writs in civil suits are now abolished, and in lieu thereof appeals may be taken in cases where those writs would formerly have issued. *Practice act* (1912), *Pamph. L., p.* 382, §§ 25, 79. There is no provision in the Practice act for appeals from interlocutory orders, nor is there, as already stated, any authority for such appeals at common law. The appeal under review must therefore be dismissed.