ABRAHAM LIEBERMAN ET AL. *vs.* S. D. WARREN COMPANY.

Penobscot.     Opinion September 9, 1926.

*Where an affidavit is filed, requiring proof of signature or authorization, a possessor of a negotiable instrument is not prima facie a holder in due course within the meaning of the Negotiable Instrument Act.     He must prove the signature or the authorization on which his status as a holder depends.*

In the instant case the question of whether the disputed signature was genuine or authorized by the maker was a pure question of fact which the jury found against the plaintiffs.   It is not so clearly wrong that this court can say that it was the result of some mistake or that the jury who saw and heard the witnesses were influenced by bias, or prejudice. ·

On general motion for a new trial.   An action to recover the sum of $233.71, being the amount represented by two checks given by defendant to one Herbert Miki, who, plaintiffs contend, endorsed, transferred and sold for a valuable consideration, said two checks to plaintiffs, but defendant disputes the genuineness of the endorsement. Verdict for defendant and plaintiffs filed a general motion for a new trial.   Motion overruled.

The case sufficiently appears in the opinion.   .

*Simon J. Levi*, for plaintiffs.

*James D. Maxwell*, for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, BARNES, JJ.

WILSON, C. J. An action in assumpsit to recover on two checks drawn by the defendant company September 3, 1925 on the Merrill Trust Company of Bangor, Maine and payable to one Herbert Miki and bearing the endorsement in blank of Herbert Miki.

The defendant pleaded the general issue and filed an affidavit complying with Rule XIV. of the Superior Court of Penobscot County, denying the signature of the payee as endorser, and also any authorization on the part of any person to sign his name to the checks as endorser.

The facts testified to by one of the plaintiffs were that on Saturday, September 5th, 1925 about noon a man whom he had known as Herbert Mickie, or Mitchie, came into his store in Bangor and purchased some articles and tendered him the two checks sued on with the endorsements already on them, which he cashed. The plaintiff was somewhat vaguely corroborated by his clerk.

The defendant's paymaster, and assistant, testified that on September 3d at Dennysville in Washington County, the two checks were issued to the man known to them on their records as Herbert Mihic, but for some reason not explained in the testimony, . . . unless the inference is that he was known among his fellows as "Mickie," or "Miki," . . . drawn in the name of Herbert Miki, that later on the same day Mihic came back to the company's office in Dennysville and stated that he had lost the checks and requested others be issued to him. The assistant clerk called a branch of the Trust Company at Machias and, in accordance with instructions received, notified the bank by letter not to honor the checks issued on September 3d.

On the following day, September 4th, the paymaster, who was absent when the original checks were given, returned to Dennysville and after conference with Mihic also called the bank and sent another letter, instructing it not to honor the checks; and later, it does not definitely appear when, drew one check to the order of Hubert Mihic, which is the name signed to the company's receipt, for the sum due him. The check, however, bears the date of September 5th. If issued on the fifth, it would have been impossible for Mihic, or Miki, to arrive by rail in Bangor by noon of the same day.

Mihic was not produced by either party at the trial, though the evidence showed that the defendant had made efforts to locate him.

The late Charles F. Sweet, former clerk of this court, who frequently qualified and testified as a handwriting expert, was called by the defendant, and after examining the receipt signed by Mihic, when the checks were issued, and the checks sued on, and bearing his alleged endorsement, expressed the opinion that the signature of Miki as endorser on the checks was not written by the same person as the signature to the receipt; that the signature on the receipt was obviously written by a good penman and the signature on the check was written by a poor penman, which an examination of the original exhibits, in some measure corroborates.

Upon this evidence the case went to the jury, which found in favor of the defendant; and the case comes before this court on a motion for a new trial on the usual grounds.

Counsel for plaintiffs contends that the plaintiffs upon the evidence were prima facie holders in due course under Section 59 of the Uniform Negotiable Instrument Law of this state, which reads: "Every holder is deemed prima facie to be a holder in due course," and that under Sections 57 and 59 of the Act, as such holders they took the checks free from any defense available to prior parties, and that the burden was on the defendant to show that the title of some person negotiating the instrument was defective.

Where, however, an affidavit is filed requiring proof of a signature and authorization, a possessor is not necessarily a holder within the meaning of the Act. He must prove the signature or the authorization of those on which his status as a holder depends. *Capital Hill State Bank* v. *Rawlin Nat. Bank*, 24 Wyo., 423; 11 A. L. R., 937; *Mayers* v. *McRimmon*, 140 N. C., 640; *Vickery* v. *Burton*, 6 N. D., 245; *Boles* v. *Harding*, 201 Mass., 103; Anno. 11 A. L. R., 954.

The defendant also contends that the jury was warranted in finding from the evidence that the signature of Herbert Miki as endorser on the checks was a forgery and, therefore, the title of the plaintiffs was defective, and hence under Section 59 of the Act, they cannot recover.

The issue was one of identity, and was submitted to the jury who heard and saw the witnesses and had before them the original exhibits. While this court might have arrived at a contrary conclusion, it cannot say that the verdict, upon the evidence, is so clearly wrong that it must have been the result of mistake or bias or prejudice, or that it was contrary to law. Accordingly the mandate must be,

*Motion overruled.*