ABRAHAM H. FREINT, PLAINTIFF-APPELLANT, v. IRENE I. GILMORE, LOUIS LIEBOWITZ AND INVESTORS DEVELOPMENT CORPORATION, DEFENDANTS-RESPONDENTS.

Submitted October 28, 1932—Decided January 31, 1933.

For the appellant, *Howard Mackay.*

For the respondent Gilmore, *Arthur C. Mullen.*

For the respondent Liebowitz, *John J. Breslin, Jr.*

The opinion of the court was delivered by

PARKER, J. The plaintiff appeals "from the *judgment rendered* in the above-entitled cause * * * upon the following grounds:

"1. Because the verdict of the jury was contrary to law, and inconsistent.

"2. Because the court committed error in withdrawing from the jury the consideration of the liability of the defendant Irene I. Gilmore.

"3. Because the court erroneously held as a matter of law that partnership existed between the plaintiff and the defendant Irene I. Gilmore.

"4. Because the court erroneously directed a verdict for the defendant Irene I. Gilmore."

When the "judgment rendered" is examined, it appears that the rule for judgment recites a verdict for plaintiff against the corporate defendant for $3,627.80 and in favor of Liebowitz against the plaintiff, and directs final judgment to be entered against said corporation for that amount, with costs. There is no direction for a judgment as respects Liebowitz; and defendant Gilmore is not mentioned at all, except in the caption to the rule. The judgment itself follows the rule, running against the corporation alone and without mention of either Liebowitz or Gilmore.

The substantial points that the counsel for appellants undertakes to argue are, first, that the judgment cannot stand because a verdict against the corporation necessarily involved a verdict against Liebowitz, its president and agent, who, according to plaintiff, had made the alleged fraudulent representations on which the suit was based; and secondly, that the court erred in withdrawing from the jury the plaintiff's claim as against the defendant Mrs. Gilmore, and in holding that there was a partnership relation between her and the plaintiff which required the cause in that aspect to be transferred to a court of equity.

The obstacle to deciding these points, which obstacle we deem insuperable, is that they are not exhibited on the record in such form as to furnish a basis for review. As to Liebowitz, it may well be, though we do not pass on the point, that the trial court on application to set aside the verdict in his favor, though the jury found against the corporation, would feel obliged to do so. And if the record showed a judgment against the corporation and in favor of Liebowitz in a case turning on the rule of *respondeat superior,* the appellate court might regard the case as within the rule of *Hummers* v. *Public Service, &c.,* 8 *N. J. Mis. R.* 689; *affirmed* in 108 *N. J. L.* 196. In that case, however, there was a judgment as respects both defendants. 8 *N. J. Mis. R.* 690. Here the judgment as entered affects only the corporation. So, also, in *Musto* v. *Mitchell,* 105 *N. J. L.* 575, the error was in a judgment, and apparent on the face of the record (page 576).

A somewhat analogous situation exists as regards Mrs. Gilmore. The plaintiff claimed that she also had defrauded him. From the evidence the trial judge concluded that between her and the plaintiff a partnership relation existed, so that only a court of equity could deal with the plaintiff's claim against her, and stated that he would transfer that claim to the Court of Chancery by virtue of the Transfer of Causes act. *Pamph. L.* 1912, *p.* 417; 1915, *p.* 39. Plaintiff took an exception, and now undertakes to argue that exception; but here again the record fails to show either a judgment in favor of Mrs. Gilmore, or even a rule directing the

transfer of the cause, as expressly provided by section 3 of the act just cited. Our reported cases relating to transfer show written orders or rules, both at law and in equity. *Commonwealth Roofing Co.* v. *Riccio,* 81 *N. J. Eq.* 486; *Ireland* v. *Penn Motors Corp.,* 98 *Id.* 346. In *Curran* v. *Carroll,* 101 *N. J. L.* 329, there was a rule of transfer which was the basis of the appeal though the report does not expressly so state.

It therefore appears that as to two of the three defendants, the plaintiff below is asking us to reverse some holding of the trial court not manifested on the record; in other words, in a case where as to these two there is no final judgment or other determination final in character. That an appellate court, in an action at law, will not thus intervene is of course elementary. And where there has been no final disposition of the case, both as to all the issues and as to all the parties, the appeal will be dismissed. *Gottfried* v. *Gottfried,* 106 *N. J. L.* 115.

The appeal will therefore be dismissed, with costs.