LILA DE SALVO, INDIVIDUALLY, AND CARMELA RINALDI, GENERAL ADMINISTRATRIX OF PETER RINALDI, APPELLANTS, v. HERMAN H. FRIEDMAN AND DE SALVO AND SONS, A CORPORATION OF NEW JERSEY, RESPONDENTS.

CARMELA RINALDI, ADMINISTRATRIX AD PROSEQUENDUM OF PETER RINALDI, DECEASED, APPELLANT, v. HERMAN H. FRIEDMAN AND DE SALVO AND SONS, A CORPORATION OF NEW JERSEY, RESPONDENTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellants, *Harry Weltchek.*

For the respondent Friedman, *William H. D. Cox* and *Harry E. Walburg.*

The opinion of the court was delivered by

PARKER, J. Lila Rinaldi and her father, Peter, were riding as passengers in an automobile belonging to the corporation De Salvo & Sons and driven by Anthony De Salvo, secretary of that corporation and son of its president. There was a collision with a car belonging to defendant Friedman, in which apparently he was riding, and, as alleged, driven by his servant or agent. Lila and Peter were injured. Both were plaintiffs in a suit begun February 5th, 1930, in which the complaint contained nine counts. Before trial, Peter died, and the counts wherein he claimed in his own right were in some way eliminated, but his widow, Carmela, began suit

December 1st, 1931, claiming damages as general administratrix of Peter against both the De Salvo corporation and Friedman: and claiming damages against both, as administratrix *ad prosequendum,* on the ground that the death of Peter was due to the negligence of the servant of the corporation and also of the servant of the defendant Friedman. The complaint contained four counts as presently to be specified.

In the earlier suit only two of the nine counts were pressed at the trial, both of which related to Lila. She married the junior De Salvo before the trial, but that made no essential change in the legal situation.

In the earlier suit two claims were tried:

No. 1, Lila against the De Salvo corporation. This resulted in the trial judge ordering a nonsuit.

No. 2, Lila against Friedman. Nonsuit was moved and denied, and one of the briefs informs us that the jury disagreed and were discharged. The printed book shows nothing by way of final determination of claim No. 2.

In the second suit four claims were tried:

No. 3, by the general administratrix of Peter against the De Salvo corporation for money damage to Peter in his lifetime. Nonsuit ordered.

No. 4, by the general administratrix against Friedman for the same damages as claimed in No. 3. Nonsuit denied; the brief states that the jury disagreed. The printed book shows nothing by way of final determination of claim No. 4.

No. 5. Death claim by the administratrix *ad prosequendum* of Peter, against the De Salvo corporation. Nonsuit ordered.

No. 6. Death claim by the administratrix *ad prosequendum* of Peter, against Friedman. Nonsuit ordered for failure of proof that the death of Peter, due primarily to tuberculosis, was due to the accident as reviving a latent tuberculosis.

The appeal is from the four nonsuits. But it must be dismissed on two grounds, each of which is a branch of the elementary general rule that an appeal tantamount to a writ of error at common law will not lie until final judgment, not only as to all the issues, but as to all the parties.

In both cases the printed book fails to show any final judgment of nonsuit, or even a *postea*. *Mayer* v. *Roche*, 73 *Atl. Rep.* 516 (not officially reported). *Ordinary* v. *Webb*, 112 *N. J. L.* 395, and cases cited.

And moreover, in both cases the printed book shows a count held for the jury, apparently not disposed of, and which we are informed resulted in a disagreement of the jury. Hence there is no final judgment. *Sautter* v. *Order of Heptasophs*, 74 *N. J. L.* 608; *MacMullen* v. *Kingsley*, 82 *Id.* 258; *Young* v. *Board of Education*, 84 *Id.* 770; *Wheat* v. *Public Service Gas Co.*, 97 *Id.* 584; *Hoffman Associates, Inc.*, v. *Snook*, 112 *Id.* 68.

The appeal is therefore dismissed, with costs.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.