HOFFMAN ASSOCIATES, INCORPORATED, APPELLANT, v. HARVEY SNOOK ET AL., IMPLEADED, ETC., RESPONDENTS.

Argued October 25, 1933—Decided January 5, 1934.

For the appellant, *Conover English.*

For the respondents, *Joseph Coult.*

The opinion of the court was delivered by

PARKER, J. The record is abridged in printing, and, as often happens in such cases, the court finds itself embarrassed for want of a complete record.

The complaint was in three counts, and to judge from the memorandum of Judge Porter, there was a motion to strike out all of them, and he refused to strike out the first and second, but struck out the third, which, as we assume, was the only count directed at the present respondents Snook, Hardin and Ayers. There appears to be a "judgment final" on this third count: such is the language of the rule; but it relates only to the legal sufficiency of the third count.

The first and second counts are not printed; and the notice of motion to strike out, as printed, omits all matter relating to them. The appellant's brief contains no intimation of the purport of these counts, but we are informed by that of respondents that "the first two counts of the complaint * * * are directed against the Lenape Corporation. They set forth the making of the contract; an alleged breach thereof by Lenape Corporation; and resulting damage to the plaintiff." Of this there is no denial by appellant.

The third count is printed, and the same brief sufficiently epitomizes it as follows: "The third count, which gives rise to the present appeal, is a count sounding in tort. It is directed against the three individual defendants-appellees, who constitute the sole officers (directors) and stockholders of Lenape Corporation, and it attempts to impose liability upon them on the theory that they maliciously induced Lenape Corporation to break its contract with the plaintiff." The appellant's brief also states that the respondents "maliciously caused Lenape which they owned and controlled, to breach the contract with Hoffman" (plaintiff's assignor) as the result of a conspiracy between them.

It is fair therefore to assume that counts 1 and 2 charge Lenape Corporation with breach of a contract with plaintiff's assignor; and the case shows that the third charges respondents, as the officers, directors and stockholders of Lenape, with conspiring together to cause Lenape to break the contract,

and causing and inducing it to do so. Further, that on a motion to strike out all three counts, the first two, charging breach of the contract, were allowed to stand. There is nothing before us to indicate that the first two counts have come to trial, or even that an issue is reached thereon. It is therefore quite conceivable that if a trial were had on the first two counts there might well be a verdict and judgment for Lenape Corporation, either as not having breached the contract at all, or as having lawfully canceled it for some breach on the part of plaintiff; and in that situation the third count even if held in the case, would fall of its own weight, being predicated on the allegation of a breach.

The case therefore shows the wisdom of the well settled rule that appeal lies only from final judgment, not only as to all issues but as to all parties. *Sautter* v. *Order of Heptasophs,* 74 *N. J. L.* 608; *Young* v. *Board of Education,* 84 *Id.* 770; *Wheat* v. *Public Service Gas Co.,* 97 *Id.* 584; *Gottfried* v. *Gottfried,* 106 *Id.* 115; *Freint* v. *Gilmore,* 110 *Id.* 170.

The appeal will be dismissed.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, DILL, JJ. 14.