CAROLINE BENZ, PLAINTIFF-RESPONDENT, v. RALPH MILLER AND MARY MILLER, DEFENDANTS-APPELLANTS.

Submitted May term, 1934—Decided August 3, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Samuel D. Aaron.*

For the defendants-appellants, *Frank J. Burns.*

The opinion of the court was delivered by

CASE, J. There have been two trials. In the first the judge sat without a jury and found for the plaintiff. The defendants applied for and were granted a new trial. The second trial was had before a jury which returned a verdict of no cause of action. Thereupon the plaintiff obtained a rule to show cause why a new trial should not be granted, and on the return of the rule the application was granted. Defendants appeal and argue two points: First, that the action of the trial court in granting a new trial is appealable when such action constituted an abuse of discretion and, second, that the trial court abused its discretion in granting a new trial to the plaintiff after the jury had rendered its verdict.

Assuming, but not deciding, that the statement contained within point one is, in its general tenor, correct, defendants are nevertheless, under their second point, confronted with the rule that appeal lies only from final judgment (*Hoffman*

*Associates* v. *Snook,* 112 *N. J. L.* 68; 169 *Atl. Rep.* 666; *Gottfried* v. *Gottfried,* 106 *N. J. L.* 116; 148 *Atl. Rep.* 719; *MacMullen* v. *Kingsley,* 82 *N. J. L.* 258; 82 *Atl. Rep.* 46; *Van Hoogenslyn* v. *Delaware, Lackawanna and Western Railroad Co.,* 90 *N. J. L.* 189; 100 *Atl. Rep.* 232), and with the fact that the action of the trial court in granting a new trial does not constitute a final judgment. Such a finality would be incident to a judgment resulting from the new trial granted. *Gaffney* v. *Illingsworth,* 90 *N. J. L.* 490; 101 *Atl. Rep.* 243. Moreover, when a matter is within the sound discretion of the trial judge, his rulings will not be disturbed in the absence of clear proof that such discretion has been improperly exercised. *Braelow* v. *Klein,* 100 *N. J. L.* 156; 125 *Atl. Rep.* 103. We find no convincing proof of abuse of discretion.

The appeal will be dismissed (*Salmons* v. *Rugyeri,* 103 *N. J. L.* 596, 600), with costs.