SAVOY BUILDING AND LOAN ASSOCIATION, PLAINTIFF-APPELLANT, v. ARTHUR TRUCILLO AND THERESA TRUCILLO, AND WIFE, DEFENDANTS-RESPONDENTS.

Submitted October term, 1936—Decided November 6, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Harry T. Davimos.*

For the defendants-respondents, *Edwin G. Adams* and *Thomas C. D'Avella.*

The opinion of the court was delivered by

CASE, J. The appeal is, by its terms, from an order of the Circuit Court of Hudson county dated June 3d, 1936, striking out the complaint and from an order of the same court dated July 2d, 1936, denying the application of the plaintiff to transfer the cause of action to the Court of Chancery. It does not appear from either the notice of appeal itself or from the record as presented to us that there was a final judgment. It is a well settled rule that appeal lies only from final judgment (*Hoffman Associates, Inc.,* v. *Snook,* 112 *N. J. L.* 68; 169 *Atl. Rep.* 666; *De Salvo* v. *Friedman,* 112 *N. J. L.* 410; 169 *Atl. Rep.* 667), and that a judgment which is sought to be reviewed must appear as a part of the record. *Harrington* v. *Greidanus,* 9 *N. J. Mis. R.* 1340. The appeal will, therefore, be dismissed.

We add, however, that even on the assumption of an entry of and an appeal from a final judgment we find no error. The defendants, in making answer to the complaint, set up that the complaint failed to disclose a cause of action at law and that it was ambiguous and lacked certainty. Motions to strike the answer and to strike the complaint were heard and considered concurrently. The court found that the complaint was faulty in the respects charged and made an order striking it. The complaint grounded in a claim for deficiency

under a foreclosure sale in Chancery. It alleged that in 1928 Carlomusto *et ux.* executed a bond and mortgage to plaintiff; that five years later the Carlomustos conveyed the mortgaged premises to defendants; that defendants took subject to a mortgage held by the plaintiff and "agreed and assumed to pay the same according to the terms thereof." Perhaps the mortgage defendants agreed to pay was the one executed by their grantors. Possibly not. The complaint did not say. Perhaps the agreement was made with the Carlomustos, possibly with someone else—the plaintiff, for instance. Again, the complaint did not say. If the agreement was with plaintiff, no reason is presented why an action thereon for the deficiency would not lie at law, assuming, of course, a valuable consideration and correct preliminary procedure. If the action was so grounded, it was badly pleaded. Were the facts pleaded with certainty, it would more likely appear that the agreement was made with the Carlomustos, and in such event plaintiff's recovery would lie in Chancery upon the equitable theories of subrogation and avoidance of circuity of action. *Tichenor* v. *Dodd,* 4 *N. J. Eq.* 454; *Crowell* v. *Hospital of St. Barnabas,* 27 *Id.* 650; *Woodbury Heights Land Co.* v. *Loudenslager,* 60 *Id.* 403. Doubt has been expressed in both chancery and the law courts as to whether such an action is available in the courts of law. *Malcolm* v. *Lavinson,* 110 *N. J. L.* 63; 164 *Atl. Rep.* 318. Whether so or not need not be now decided. The complaint does not present the basis for a holding; it was properly struck.

Except to say that the printing of it in the state of case was improper, we pass without note a letter which appellant's attorney states in his brief was written by him to the trial judge before the latter determined the motion to strike. The letter is not, and seemingly ought not to be, a part of the court files. It has no place in the record.

After the order striking had been filed, plaintiff presented its petition to transfer the cause to the Court of Chancery. The court denied the application. Appellant argues that the denial violated chapter 233, *Pamph. L.* 1912 (*Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2833, § 163-148, 1), as amended by chapter 13, *Pamph. L.* 1915 (*Cum. Supp. Comp. Stat.* 1911-

1924, *p.* 2833, § 163-350, 3). Section 1 of the statute provides:

"No civil cause or matter, hereafter pending in any court mentioned in the above title, which has not jurisdiction of the subject-matter, shall be dismissed *for that cause only,* but the cause or matter shall be transferred with the record thereof and all papers filed in the cause, for hearing and determination to the proper court, which shall thereupon proceed therein, as if the cause or matter had been originally commenced in that court." (Italics ours.)

Although the statute, in the second section, permits a transfer to be made either upon or without application, a mere omission by the court to make a transfer on its own initiative is not ground for error as it does not constitute a judicial action; and appellant alleges error, not in an omission, but in the actual denial, which, of course, must be considered in the light of the then existing *status.* It is not perceived upon what reasoning a court before which there are no pleadings may be asked to transfer a cause to another tribunal. Unless there be a complaint there is no cause of action made manifest. Having regard to the complaint struck in the present suit, the court could scarcely tell therefrom where, if anywhere, it should be lodged. Imperfection of pleading was the outstanding fault. There was no motion to amend. Without pausing to demonstrate that the court action was not on a finding of no jurisdiction, we observe that there were two grounds stated for the ruling and that therefore, even if lack of jurisdiction had been one of them, the cited statute would not apply.

Appeal dismissed.