HARRY HIRSCH, PLAINTIFF-APPELLANT, v. GEORGE OLLENDORF, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 22, 1937.

For the plaintiff-appellant, *Koehler, Augenblick & Freedman* (*Harry A. Augenblick* and *Bernard Freedman*).

For the defendant-respondent, *Milton M. Unger.*

The opinion of the court was delivered by

CASE, J. The appeal is from a judgment of nonsuit rendered against plaintiff in the Essex County Circuit Court at the close of his case. The suit was to recover on a promissory note made by the defendant. The granting of the nonsuit is the single ground of appeal.

The complaint, filed October 22d, 1935, alleged that on October 23d, 1929, defendant executed the note to the order of National Light and Electric Company, a corporation, in the amount of $10,000, payable four months thereafter; that subsequent to execution and before maturity, and for a valuable consideration, the payee endorsed the note to plaintiff, whose property it now is; that by that assignment there became due to the plaintiff the sum of $5,000 with interest, payment of which had been demanded and refused. The answer admitted the giving of the note to the corporation but denied all allegations of events subsequent to that act. Separate defenses were set up, among them that the note had

been paid by the defendant, repossessed by him and placed among his personal papers wherefrom it was later unlawfully taken by plaintiff, and that the endorsement to plaintiff was made by the plaintiff himself without the authority of the payee corporation. Plaintiff's reply joined issue on the answer, admitted so much of the separate defenses as alleged that at the execution of the note defendant was the president and plaintiff was the secretary and treasurer of the payee corporation and either denied or pleaded lack of information as to the remainder.

There was, therefore, an issue as to whether or not the endorsement on the note—"National Light & Electric Co. By Harry Hirsch Secretary & Treasurer"—was authorized by the payee. Plaintiff entered upon the trial with further notice that that was a live and active issue. Immediately at the close of plaintiff's opening defendant moved, and was denied, a nonsuit upon the ground that the opening did not disclose any facts from which an affirmative disposition of that issue could be presumed.

The by-laws of the corporation were used in the cross-examination of the plaintiff, were marked for identification and are printed by the respondent as a supplement to the state of case. Appellant objects, and we think with reason, that the exhibit may not be used here as it was neither offered nor admitted in evidence. Appellant, however, was examined on the contents of the by-laws with the document before him, and he answered without hesitation or reservation a question based on the hypothesis that by-law No. 24 provided that "all checks, drafts or orders for the payment of money shall be signed by the president together with the vice-president or treasurer" and that by-law No. 25 provided that "all notes and acceptances shall be signed by either the vice-president or the treasurer together with the president." Appellant's case in this respect is in this dilemma: If the by-law provisions are properly before us, it is clear that the note was not endorsed as therein authorized; if they are not, then there is no proof of an authority by the corporation for the endorsement of the note. In either event plaintiff has not proved his case. The holder of a note payable to order cannot recover on

his possession alone, but must prove the genuineness of the endorsement by the payee or the authority of the person purporting to act as agent to affix the signature of the payee where the issue is raised. *Van Syckel* v. *Egg Harbor Coal and Lumber Co.*, 109 *N. J. L.* 604. The company minutes, resolutions and by-laws, to which one would naturally go for the proof of corporate authority and the record of corporate action, were all available to plaintiff; indeed they were all, as we have already said of the by-laws, actually in the court room, shown to the appellant and given such court marking as the defendant, in the midst of plaintiff's case, could obtain. Plaintiff shunned those proofs at the trial and now, as appellant, argues, first, not from the corporate records but upon his oral testimony, that the fact of the endorsement in other instances should be accepted as proof of authority and, next, that if a lawful endorsement was not proved defendant is nevertheless estopped from raising that defense. As to the latter argument it is enough to say that it is not directed towards any issue. Plaintiff did not prove his case as pleaded and did not move to amend; therefore the nonsuit was not erroneous. *Case* v. *Central Railroad Co.*, 59 *N. J. L.* 471. As to the former, that the practice of banking corporate paper upon the signature of the appellant alone does not appear with such definiteness or universality as to be evidential on the issue of authorization by the corporation to endorse the note sued upon or to call for a discussion of the legal merits of the proposition. Two or three general questions asked of the appellant on his direct examination, and looking in that direction, lacked precision and were preceded and followed by adverse court rulings. It is quite clear that they were merely preliminary to an intended but prohibited line of examination. The "scintilla" rule does not obtain in this state. *Pellington* v. *Erie Railroad Co.*, 115 *Id.* 589.

The matters herein considered are presented in appellant's points two and three. Appellant's points one and four may be assumed without affecting the disposition of the case. His point five is not relevant to the issue.

Judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, CASE, BODINE, PERSKIE, HETFIELD, DEAR, WELLS, WOLFS-KEIL, COLE, JJ. 11.

*For reversal*—THE CHIEF JUSTICE, HEHER, RAFFERTY, JJ. 3.