WARREN BALDERSTON COMPANY, RESPONDENT, v.
HARRY S. IVORY ET UX., APPELLANTS.

Submitted May 31, 1940—Decided December 12, 1940.

For the appellants, *W. Douglas Blair*.

For the respondent, *Louis Rudner*.

The opinion of the court was delivered by

PARKER, J. We consider that this "appeal" is premature, and not properly before us.

The suit is in contract for work and labor done and materials furnished by plaintiff in and about the electrical equipment of a house and office for the defendants, husband and wife. The first count of the complaint is based on a claim of agreed prices: the second, relating to the same work and materials, on a *quantum meruit*. The defenses are, in substance, a lump sum contract, the contract price having been paid: defective work: and a denial that all the labor and materials claimed had been furnished. There was a motion to strike the answer as sham, and also as insufficient in law. There were the usual affidavits for and against the motion, which was argued before a Circuit Court judge sitting as a Supreme Court commissioner. Supreme Court rules 92 and 93. He decided, in substance, that as to part of the lengthy bill of particulars the defendants had not shown such facts as were sufficient to entitle them to defend (rule 80) and that the remainder of the claim would be sent to a referee; presumably by virtue of section

155 of the Practice act of 1903 (*Pamph. L.*, at *p.* 579), now *N. J. S. A.* 2:27-178 *et seq.* As to the part that he adjudged undisputed, he made a rule recommending "judgment" against the defendants to that extent, reserving to the plaintiff the right to proceed further in the cause as to the remainder of the claim. There was a rule for "judgment final" accordingly, signed by a justice of the Supreme Court, and "judgment" for $816.75, part of the claim, was entered accordingly, with reservation of the right of further litigation in the cause as regards the residue. So that the record shows a claim of some $2,600 split into two parts, one amounting to $816.75 and in "final judgment" and the other undetermined.

At common law the settled rule, of course, is that writ of error (now appeal) does not lie until after final judgment, not only as to all the issues, but as to all the parties. *Sautter* v. *Order of Heptasophs*, 74 *N. J. L.* 608; 65 *Atl. Rep.* 990; *Gottfried* v. *Gottfried*, 106 *N. J. L.* 115; 148 *Atl. Rep.* 719; *Freint* v. *Gilmore*, 110 *N. J. L.* 170; 164 *Atl. Rep.* 272.

In *Allen* v. *Tyler*, 32 *N. J. L.* 499, Chief Justice Beasley said (at *p.* 501), "It must be considered as the settled rule of practice that a judgment, or an order, or award in the nature of a judgment, to be removable by writ of error, must be final in the suit, not as to an intermediate or incidental particular, but with regard to the principal matter in controversy in the action."

In *Cooper* v. *Vanderveer*, 47 *Id.* 178, 179, the same jurist remarked: "A writ of error will not run until the conclusion of the course of law in the court of first instance. The most serious vexation and delay would be attendant upon the opposite rule."

The practice of framing a declaration at common law (now called a complaint) in several counts, and *per contra* of filing several pleas, is an ancient one; and we have several decisions bearing on the appellate practice where one or more issues had been disposed of and others left open. In *Sautter* v. *Heptasophs, supra,* there was a judgment for plaintiff on demurrer to a special plea, but the plea of general issue remained open for trial. A writ of error was dismissed. In *Chambers* v. *Philadelphia Pickling Co.,* 79 *N. J. L.* 1; 81 *Id.* 388, the

declaration was in two counts, the first special, the second being the common counts *in assumpsit* (see 81 *Id.*, at *p.* 389). There was a demurrer to the special count, and the Supreme Court held that plaintiff was "entitled to judgment on the demurrer." This, however, left the issue of fact on the common counts to be tried: but defendant sued out a writ of error which was dismissed by this court, on the ground that it would not lie "until the litigation has resulted in a final judgment." 81 *Id.* (at *p.* 390). In the case of *Denholz* v. *Donner,* 96 *Id.* 545, in this court, the complaint was in two counts, one of which was struck out, and plaintiff then appealed. We dismissed the appeal on the ground that there was no final judgment. In *Hoffman Associates* v. *Snook,* 112 *Id.* 68, in this court, there were three counts in the complaint, and the first was struck out, and "judgment final" entered for the defendants named therein: and although those defendants were not charged in the other counts, we refused to consider plaintiff's appeal.

The law is therefore settled that under the Practice act of 1912, as well as at common law, where the record discloses two or more issues, and only part are disposed of by a judgment, appeal or writ of error does not lie until all the issues have been disposed of. It remains to consider the situation arising out of the Practice act and rules thereunder which permit the splitting of a cause of action and the entry of a judgment for only part of it, as in this case. On general principles we can discern no reason why a judgment for part of a cause of action which at common law could not be split at all, should stand on any better footing than an entire cause of action accompanying other causes in the same record, but decided before them; or than a judgment based on a cause of action set up in one count of a complaint against a party not charged in the other counts. The statute and rules applicable are as follows: *N. J. S. A.* 2:27-128, "If the answer as filed, or after any part thereof shall be struck out, leaves a part of plaintiff's claim uncontested, judgment interlocutory or final may be entered for such part as is not contested, and the cause may proceed to trial as to the residue." Rule 82. "If it appear that such defense applies only to part of plaintiff's claim, or that any part is admitted, the plaintiff

may have final judgment forthwith for so much of his claim as the defense does not apply to or as is admitted, subject to such terms as may be deemed just."

The clear intent of the quoted language, as we read it, is to enable the court of first instance to clear away portions of a claim or defense not involving disputed questions of fact, by entering a partial judgment thereon. In this case the first count of the complaint was for work and labor done and materials furnished, particularized in a lengthy schedule of items. This was pleaded as a single cause of action: and on motion for summary judgment the court held part of the items conclusively proved and awarded "judgment" for them, reserving the others. This was a splitting of the cause of action by the court: and under the statute and rules was authorized as a matter of procedure. The judgment is called "final" in the record, and so it is, so far as this separated issue is concerned: but other issues remain, and as has been said, where there are two or several issues in one cause, appellate review must await the disposition of all the issues in the court of first instance. And this seems clearly indicated by the very language of the statute. *N. J. S. A.* 2:27-347 reads: "An appeal is a step in the cause, and is deemed to remove to the appellate court *the entire record of the cause* and all orders, proceedings and documents made, taken or filed therein, whether or not they are actually included in the transcript of the record sent to the appellate court."

And in section 2:27-345 we read: "In lieu of a writ of error, an "appeal may be taken in any case *in which the appellant would, heretofore, have been entitled to a writ of error."* (Italics ours.)

We conclude, therefore, that the so-called "final judgment" for part of the book account, while final for purposes of trial of that part of the cause, was not final as to all the issues, and hence not appealable. The appeal is therefore dismissed.

*For reversal*—DONGES, HEHER, PERSKIE, JJ. 3.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.