ESSEX FOUNDRY, A CORPORATION OF NEW JERSEY, AND THE CENTRAL FOUNDRY, A CORPORATION OF MAINE, PLAINTIFFS-APPELLANTS, v. LOUIS BIONDELLA, DEFENDANT-RESPONDENT, AND LIBERTY MUTUAL INSURANCE COMPANY, A CORPORATION, THE TRAVELERS INSURANCE COMPANY, A CORPORATION, AND HARTFORD ACCIDENT AND INDEMNITY COMPANY, A CORPORATION, DEFENDANTS.

Argued October 18, 1940—Decided January 28, 1941.

For the appellants, *Milton M. Unger.*

For the respondents, *Elsie Rand (Joseph Coult,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   This is an action or proceeding under the Uniform Declaratory Judgment law.  *R. S.* 2:26-67, *et seq.* Plaintiffs appeal from two separate rules on only one of which judgment final was entered and both of which will hereafter be referred to as rules.   Both rules, among other things, resulted in the dismissal of the action against the defendant Louis Biondella, the respondent here.

No proofs were offered.  The orders under review are based solely upon the facts set forth in appellants' petition and the schedules annexed thereto.  A brief statement of these facts will lay bare the alleged justiciable controversy upon which relief was sought but denied.

From 1923 to May of 1939, Louis Biondella worked for appellants in their foundry at Newark, New Jersey, where cast iron pipes were manufactured.

For varying periods between July 4th, 1925, and October 1st, 1939, appellants were covered with standard workmen's compensation and employers' liability policies of insurance which were issued to them by The Travelers Insurance Company, Hartford Accident and Indemnity Company and Liberty Mutual Insurance Company, the other named defendants below.

By the terms of these policies each insurer agreed, among other things, (a) *"to pay"* promptly and in the manner provided by said policies the entire amount due to any of appellants' employes under our Workmen's Compensation act, (b) *"to indemnify"* appellants against loss by reason of liability imposed upon them by law for damages on account of injuries to their employes, and (d) *"to defend"* any suits or proceedings instituted against appellants under the stated circumstances, although such suits or proceedings "are wholly groundless, false or fraudulent."

On October 28th, 1939, Biondella caused a common law action to be instituted against appellants, his employers, in the Supreme Court of our state.  The actionable negligence alleged, common law and statutory (*R. S.* 34:6-99, 100), was, generally stated, based upon appellants' failure to provide him with "safe methods and means" with which to do his work

and failure to provide him with a "reasonably safe place" in which to work. As a result of the alleged negligence, Biondella alleged that he contracted, during his employment by appellants, the ailment or disease of silicosis, and he further alleged, in substance, that since silicosis is not included in the schedule of compensatory occupational diseases (see Workmen's Compensation act, *R. S.* 34:15-31), he employed the stated form of action to recover his resultant damages. *Cf. Rosacci* v. *U. S. Pipe and Foundry Co.,* 123 *N. J. L.* 357; 8 *Atl. Rep.* (*2d*) 707.

Appellants notified their named insurance carriers of this suit by Biondella, and called upon them to defend it. This they refused to do.

Appellants thereupon filed this petition in the Supreme Court alleging, in substance, that a question, or controversy, arose as to whether or not the insurance carriers, or some of them, were obliged to defend and indemnify them by reason of the suit by Biondella. Appellants prayed for a declaratory judgment (a) to settle and to afford relief to them from any uncertainty and unsecurity with respect to their rights, status and other legal relations with reference to said policies, (b) to declare the rights, status, obligations and other legal relations of the parties to this petition, or any of them, growing out of the policies issued to appellants and to determine the controversy arising thereon, (c) to adjudge that the insurance carriers be obliged to defend the action by Biondella and (d) to determine whether the statute of limitations barred the suit by Biondella, and whether his action should not have been brought under our Workmen's Compensation act. Additionally, appellants prayed (e) that the Biondella suit be restrained until there was a determination of the relief sought, and (f) that an order be made that process issue directing all parties named in the petition as defendants to answer the petition.

Pursuant to prayer (f) an order was made that summons issue requiring Biondella and the three named insurance carriers to answer the petition within twenty days after the service of the summons and petition; and pursuant to prayer (e) the order stayed the suit by Biondella and the time for answer-

ing, pleading or making any motion in that suit with respect to the summons and complaint until the court so ordered.

Although their answers are not made to appear, it is conceded that the three named insurance carriers did, in fact, answer appellants' petition for relief, and that as between the appellants and the insurance carriers appellants' right to relief is still at issue.

Biondella did not answer the petition. Instead, he moved to dismiss it. The eight grounds in support of his motion to dismiss may be summarized as follows: that the petition did not set forth a claim nor cause for relief as against him; that since appellants concededly sought a determination of the facts and law, he could not be deprived of his constitutional right of a trial by jury in the action and in the court where the suit was pending; that he was not bound by any of the rights and obligations which exist between appellants and their insurers; that the petition was filed to embarrass, hinder and delay the trial of his action on the merits, and that appellants were not, under the circumstances exhibited, entitled to a declaratory judgment within the meaning and intent of the act invoked.

Biondella's motion prevailed. Accordingly, on August 3d, 1940, Circuit Court Judge William A. Smith, who heard the motion, granted a rule which was entered on August 7th, 1940, dismissing appellants' petition in so far as the same sought a declaration as against Biondella. This is one of the rules before us on review.

Thereafter, on August 12th, 1940, Mr. Justice Porter, on application, lifted and dissolved the restraint theretofore granted and required appellants to plead to the complaint in the suit by Biondella within thirty days from the date of the order. The same justice, on September 14th, 1940, ordered that "judgments final" be entered on his rule of August 12th, 1940. This is the second rule before us on review.

The insurance carriers were not made parties to the motion resulting in the stated rules, nor to this appeal.

We are met at the threshold of our consideration of this cause with the objection that the appeal from both orders

is premature. That objection is predicated on the conceded fact that the issues raised on appellants' petition against the insurance carriers are still pending, and since the rules under review are not dispositive of those issues, the rules are, however otherwise characterized, only interlocutory in effect.

Assuming, without so deciding, that the rules are tantamount to final judgments within the adjudications of such typical cases as *Eames* v. *Stiles,* 31 *N. J. L.* 490; *Knight* v. *Cape May Sand Co.,* 83 *Id.* 597, 600; 83 *Atl. Rep.* 964; *Defiance Fruit Co.* v. *Fox,* 76 *N. J. L.* 482, 486; 70 *Atl. Rep.* 460, and conceding that the rules have the force and effect of a final judgment by virtue of *R. S.* 2:26-75, and as such may be reviewed "as are other judgments," *R. S.* 2:26-78, the question still remains whether these rules are final judgments as to all issues and all parties. For it is rudimentary that appeal lies only from a final judgment not only as to all the issues (*Warren Balderston Co.* v. *Ivory,* 125 *N. J. L.* 469; 16 *Atl. Rep.* (*2d*) 617), but as to all the parties. *Young* v. *Board of Education,* 84 *N. J. L.* 770; 87 *Atl. Rep.* 347; *Wheat* v. *Public Service Gas Co.,* 97 *N. J. L.* 584; 117 *Atl. Rep.* 594; *Hoffman Associates, Inc.,* v. *Snook,* 112 *N. J. L.* 68; 169 *Atl. Rep.* 666; *Gottfried* v. *Gottfried,* 106 *N. J. L.* 115; 148 *Atl. Rep.* 719; *Freint* v. *Gilmore,* 110 *N. J. L.* 170; 164 *Atl. Rep.* 272.

Clearly the rules under review are neither final as to all the issues, nor as to all the parties. The objection that the appeal is premature is insuperable. The appeal is, therefore, dismissed with costs.

*For affirmance*—DONGES, HEHER, WOLFSKEIL, RAFFERTY, JJ. 4.

*For dismissal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, PERSKIE, DEAR, WELLS, HAGUE, JJ. 9.