VALENTINE BRAUN, PLAINTIFF-APPELLEE, v. NATHAN
WEINBERG, DEFENDANT-APPELLANT.

Argued January 22, 1941—Decided April 8, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the appellant, *Child, Riker, Marsh & Shipman* (*Theodore McC. Marsh,* of counsel).

For the appellee, *Slavitt & Slavitt* (*Arthur Slavitt,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The primary and dispositive question requiring decision is whether, in the circumstances exhibited, an appeal lies from an order making a rule to show cause absolute.

Plaintiff's complaint alleges that he is the holder of a promissory note made by defendant on May 2d, 1933, in the sum of $1,000, payable three months after date, to the order of Jacob Weinberg; that the note was presented for payment on its due date but payment was refused; and that there is a balance due on said note of $590, plus interest from May 2d, 1933, amounting to $221.25.

Defendant's answer consists of a general denial and several separate defenses. None of the separate defenses is involved on this appeal.

The proofs for plaintiff show that the defendant's signature as maker of the note was admitted; that plaintiff advanced the sum of $590 for the note to Jacob Weinberg, the payee whose name was endorsed on the back of the note; that the note was offered and received in evidence; and that there was due on said note the sum of $590 plus interest from its date, amounting to $224.85, or a total of $834.85. Jacob Weinberg is not a party to this suit.

Defendant moved for a nonsuit. The ground urged in support of that motion was that plaintiff had failed to prove the signature of Jacob Weinberg, the payee and endorser. Defendant relied upon the cases of *Van Syckel* v. *Egg Harbor Coal and Lumber Co.,* 109 *N. J. L.* 604; 162 *Atl. Rep.* 627; 85 *A. L. R.* 300, and *Hirsch* v. *Ollendorf,* 117 *N. J. L.* 404; 189 *Atl. Rep.* 82. The trial judge granted the motion and judgment of nonsuit was entered.

Thereafter the trial judge on plaintiff's timely application granted a rule to show cause why the judgment entered should not be set aside and a new trial granted. The ground in support of that rule was that the judgment was contrary to law.

The trial judge by his order under date of June 7th, 1940, without opinion, made the rule absolute and ordered the case be set down for a new trial. It is from that order that the present appeal is taken. Since Jacob Weinberg was not a party to this suit his signature was not put in issue. Nor did the general denial have that effect. *Cf. Mechanics Trust Co.* v. *Halpern,* 116 *N. J. L.* 374, 376; 184 *Atl. Rep.* 744. See Supreme Court rule 58. The authenticity of Jacob Weinberg's signature, therefore should have been taken as admitted. *R. S.* 2:98-3; *N. J. S. A.* 2:98-3. But be all this as it may, the trial judge had full control over his judgment. Upon timely application and sufficient cause shown, he could, as he did, in the exercise of his sound discretion grant a new trial. *Cf. Dorman* v. *Usbe Building and Loan Association,* 115 *N. J. L.* 337, 340; 180 *Atl. Rep.* 413, 415.

This brings up plaintiff's motion in case number seven to dismiss defendant's appeal. Two grounds are urged in support of that motion. The first is that the appeal was not

properly perfected and the second (the only one argued) is that no appeal lies from the "judgment" (inaccurately referred to as "verdict" in the rule to show cause) granting a new trial.

Until there is a final judgment, no appeal lies therefrom. *R. S.* 2:27-349. The order under review is not a final judgment. It is an order which clearly rests upon the exercise of the sound discretion by the trial judge. Defendant does not go without day and no abuse of discretion is made to appear. *Cf. Heuser* v. *Rothenberg,* 123 *N. J. L.* 319; 8 *Atl. Rep.* (2d) 391. No appeal, therefore, lies from the order under review. *Benz* v. *Miller,* 12 *N. J. Mis. R.* 630; 174 *Atl. Rep.* 167; *Kople* v. *Zalon,* 122 *N. J. L.* 422; 5 *Atl. Rep.* (2d) 570.

Accordingly the motion in case number seven is granted. The appeal in case number six is dismissed. Costs to abide the re-trial.