SHANNON, Acting Chief Judge.
The appellants were the plaintiffs and the appellee was the defendant in a suit on a promissory note. The trial judge, sitting without a jury, found that the consideration given for the note had failed, and that the plaintiffs were neither holders in due course nor parties deriving title from a holder in due course, and could not recover.
The controversy here centers around the following facts which are basically non-conflicting. The appellee purchased a home from Globe Investment Company, the builder, in September, 1960. Included in the consideration for the purchase was the ap-pellee’s promissory note, payable to Globe, for $1,700.00, which note was secured by a purchase money mortgage. At some time during the negotiations concerning the sale Globe delivered to the appellee a written Plome Owners Service Policy, which warranted that the house had been constructed “in accordance with accepted home building practices.” Shortly after their execution both the note and mortgage were sold by *41 the builder, Globe, to Mason Mortgage Company, a corporation dealing in commercial paper. Mason in turn sold the note at a discount, accompanied by a warranty and repurchase agreement, to the appellants. The note bore a typed endorsement from the payee, Globe Investment Company, signed by Reed A. Thursby; and it also was endorsed by Mason Mortgage Company to the appellants.
While these transactions were occurring the appellee began moving her belongings into the new home, and almost immediately noticed water leaking into the house during rains. She contacted the builder several times with regard to this problem, which was apparently caused by improper insulation in the walls allowing water to seep through to the inside of the house and collect in puddles on the floor. Although the builder did expend some efforts in attempting to rectify the situation, the defect was never corrected. Finally, in August, 1962, with the leaking condition still in existence, the appellee ceased making monthly payments on the note owned by the appellants and moved out of the house.
The appellants subsequently brought this suit on the note, seeking to recover the total unpaid balance, plus interest, there being an acceleration clause in the note. In her answer to the complaint the appellee admitted executing the note but averred lack of knowledge of the endorsements under which appellants claimed title, and demanded proof of them. The appellee, by way of affirmative defense, also pleaded failure of consideration resulting from breach of the express warranty.
The testimony at the trial concerning the giving of the warranty was somewhat ambiguous. The appellants contend that the appellee received the warranty after she had exchanged the note and mortgage for the deed, and that therefore no consideration was given by appellee in return for the warranty. The appellee, on the other hand, testified that she received the Home Owners Policy from the builder’s representative when the closing papers were signed, and this testimony is buttressed by the fact that the deed, note, mortgage and policy all bore the same date, September 8, 1960.
It is apparent, in his finding that the warranty was breached, that the trial judge found there to have been consideration for it. This was a proper inference from the evidence that the warranty was given contemporaneously with the execution of the deed, note and mortgage, these instruments all being part of a single inseparable transaction.
We have next to deal with the main thrust of appellant’s argument, which is that they were immunized from the ap-pellee’s defense because the Mason Mortgage Company, from whom they derived title, was a holder in due course against whom failure of consideration was not a good defense. Appellants contend that according to Fla.Stat., Sec. 674.60, F.S.A., they, as parties deriving title from a holder in due course, have all the rights of such former holder in respect to prior parties. We agree with this statement of the law, as well as the proposition that a holder in due course is immune from the defense of failure of consideration. Fla.Stat., Sec. 674.31, F.S.A. But to be accorded the status of a holder, and entitled to the presumption of being a holder in due course as provided by Fla.Stat., Sec. 674.61, F.S.A., a party must have acquired the instrument through “negotiation.” Fla.Stat., Secs. 674.33 and 674.-01, F.S.A. Paper payable to order, as was the note here, is negotiated by the endorsement of the holder, plus delivery. Fla.Stat., Sec. 674.33, F.S.A. There is no presumption that the endorsements of a prior holder are genuine, and when properly put in issue by the pleadings, the party seeking to establish the status of holder of order paper must prove the validity of those endorsements on which his status depends. VanSyckel v. Egg Harbor Coal & Lumber Co., 1932, 109 N.J.L. 604, 162 A. 627, 85 A.L.R. 300; Lieberman v. S. D. Warren Co., 1926, 125 *42 Me. 392, 134 A. 449; Britton, Bills and Notes, Sec. 102 (2d ed. 1961).
During the trial of this case the appellants attempted to prove the genuineness of the payee’s (Globe’s) endorsement to Mason, but the attempt failed. The evidence adduced actually proved that Globe’s endorsement was not made by its officer whose name appeared but was executed by an employee who had no authority to sign or authorize endorsements for the corporation. The effect of this testimony was to render wholly inoperative the endorsement on which Mason’s status as a holder depended. Fla.Stat., Sec. 674.25, F.S.A. See Hirsch v. Ollendorf, 1937, 117 N.J.L. 404, 189 A. 82. By paying value, Mason did become a transferee, acquiring such title as the transferor (Globe) had, Fla.Stat., Sec. 674.51, F.S.A., but also making Mason vulnerable to the same defenses which were good against Globe. Fla.Stat., Sec. 674.60, F.S.A.; Commercial National Bank v. Jordan, 1916, 71 Fla. 566, 71 So. 760.
There was no attempt by the appellants to argue that they were holders in due course in their own right, there being no testimony whatever concerning the endorsement to them from Mason. Moreover, such evidence would have made no difference, since the lack of authorized endorsement to Mason prevented a party subsequent to Mason from becoming a holder. Fla.Stat., Sec. 674.33, F.S.A.
We hold therefore, that since the appellants failed to sustain their burden of establishing a genuine endorsement, neither they nor Mason enjoyed the position of holder in due course. The trial judge properly allowed the defense of failure of consideration to be asserted against the claim on the note, and the evidence supports the finding that the defense was established. Accordingly, the judgment is affirmed.
Affirmed.
SMITH, J., and SMITH, CULVER, Associate Judge, concur.