## CASIMIRO H. VALDES, RELATOR, v. FRED D. BAUMANN, DEFENDANT.

Submitted October 5, 1943—Decided December 9, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the relator, *Saul Lehr*.

For the defendant, *Gustave G. Kein, Jr.*, and *Maurice A. Scotch*.

The opinion of the court was delivered by

BODINE, J. Relator claims that he was appointed plumbing inspector on February 25th, 1936, for a term of five years by virtue of a resolution by the Mayor and Common Council of the Borough of Kenilworth. The defendant claims to hold the office by appointment made by the Board of Health on January 24th, 1940.

Local Boards of Health have the power to appoint officers and agents. *R. S.* 26:3–19. The relator relies upon *Larkey* v. *Bayonne,* 123 *N. J. L.* 134; *affirmed,* 124 *Id.* 172. In that case the City of Bayonne was governed under the Walsh Act, and the commissioners elected under the provisions of that act had the power of pre-existing Boards of Health. The Mayor and Common Council of a borough have no such power.

*R. S.* 26:3–1 directed the establishment of local Boards of Health. Such board existed ·in the Borough of Kenilworth

and as we have seen had the power to employ officers and agents. The action of the Mayor and Common Council was beyond its power.

If the appointment had been made by the Board of Health it could have been for a five year term. *Bodnar* v. *Board of Health of Carteret*, 117 *N. J. L.* 527. The relator was appointed by the Board of Health for the term of one year before his designation by the Mayor and Common Council and continued to receive annual reappointments for three years thereafter. Suffice it that the Mayor and Common Council could not intrude upon the duties delegated by law to the local Board of Health in a municipality not governed by the Commission Government Act.

What rights the relator may have as an exempt fireman cannot be determined in this proceeding, because it was not pleaded and sufficient proofs were not adduced in order to determine an issue which was not properly presented.

The relator seems not, on his showing, to be entitled to a judgment of ouster and the proceeding will be dismissed.