CARL PETERSEN, PLAINTIFF-RESPONDENT, v. ANTHONY FALZARANO, DEFENDANT AND THIRD PARTY PLAINTIFF-RESPONDENT, AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, A BODY CORPORATE, THIRD-PARTY DEFENDANT-APPELLANT, AND CARL BRUCK, DOING BUSINESS AS BRUCK AGENCY, THIRD-PARTY DEFENDANT.

Argued December 4, 1950—Decided March 5, 1951.

*Mr. Mark Townsend* argued the cause for the third-party defendant-appellant (*Messrs. Townsend & Doyle,* attorneys).

*Mr. Samuel D. Joseph* appeared for the thirty-party plaintiff-respondent but was excused from the argument (*Messrs. Riskin & Riskin,* attorneys).

The opinion of the court was delivered by

ACKERSON, J. The Indemnity Insurance Company of North America (hereinafter referred to as the "company"), acting through its agent, Carl Bruck, doing business as the Bruck Agency, issued to Anthony Falzarano a comprehensive personal liability insurance policy with respect to a two-story private residence being constructed by Falzarano on his property in North Arlington. The policy provided that the insurer would assume all liability for personal injury and property damage caused by accident and arising out of the use or maintenance of the insured premises and would also pay all medical and other expenses incident to such injuries and losses, as well as defend the insured in "any suit against the insured alleging such injury, * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent, * * *."

During the construction of the building, Carl Petersen, an independent contractor, engaged by Falzarano to scrape and polish the floors, sustained personal injuries when a temporary stairway on which he was descending collapsed. Falzarano notified the company of the accident but it disclaimed liability. Thereafter Petersen instituted suit against Falzarano in the Superior Court, Law Division, to recover damages for his injuries and losses, and the latter forwarded the summons and complaint to the company requesting that it defend him in the action as required by the policy. This the company declined to do, again disclaiming any liability on the ground that the construction of the house was not in the exclusive charge of an independent contractor within the provision of the policy making its coverage applicable only to a private residence "being erected * * * by [an] independent contractor * * *."

Consequently the defendant, Falzarano, moved for and obtained an order permitting him to serve a summons and complaint on the company and its agent as third-party defendants pursuant to *Rule* 3:14–1 on the ground therein specified that they are or "may be liable" to the third-party plaintiff for the claim asserted against him by Petersen. Accordingly this was done, service on the company being effected through the Commissioner of Banking and Insurance. In his third-party complaint Falzarano demanded that the liability of the insurer be declared and that the company and its agent be ordered to defend the action brought against him by Petersen and also to pay all expenses, costs and damages "which have been and may be incurred" by Falzarano in that action.

The company thereupon moved to dismiss the third-party complaint on the ground (the only one here pertinent) that under a so-called "no action" clause of the policy, suit against the company will not lie until there has been a judgment recovered against the insured by the injured party, and therefore the court lacked jurisdiction of the subject matter, since the condition precedent, giving rise to such a suit under this clause, had not arisen. This "no action" clause provides as follows:

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. * * * Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability. * * *."

The trial judge denied the motion to dismiss the third-party complaint but also provided that there would be a severance of the main action and the third-party action for the purpose of trial and that the main action of Petersen against Falzarano would be tried first. From this order of the trial court denying its motion for a dismissal of the third-

party complaint the company appealed to the Appellate Division of the Superior Court and that court on August 14, 1950, dismissed the appeal on the ground that the order appealed from is interlocutory and not within the category of interlocutory orders appealable under *Rule* 4:2–2 as that rule then stood. (Rule amended in certain particulars December 7, 1950, after the foregoing appeal was decided.) Notwithstanding the unanimous decision of the Appellate Division, the company, without certification, has appealed to this court in reliance on *Rule* 1:2–1(a), which authorizes appeals to the Supreme Court as of right where constitutional questions are involved, claiming as its right to do so that the trial court, in denying the company's motion to dismiss the third-party action, disregarded the "no action" clause of the insurance contract thereby, in effect, impairing the company's contractual rights as guaranteed by the State and Federal Constitutions.

Our examination of the points argued on behalf of the company on this appeal, however, has led us to the conclusion that there are no real constitutional questions presented thereby and that the appeal is without merit as will presently appear.

In the first place the company contends that the Appellate Division erred in holding that the order of the trial court denying its motion to dismiss the third-party action is interlocutory. It is insisted that the order, in view of the "no action" clause in the policy, amounted to "a final judgment in respect to jurisdiction," thereby rendering it appealable as such to the Appellate Division under *Rule* 4:2–1 (applicable only to final judgments), and consequently the affirmance thereof by the Appellate Division is likewise a final judgment appealable to the Supreme Court under *Rule* 1:2–1(a) which, as above noted, permits appeals to that court as of right from final judgments in cases where a constitutional question is involved.

We find no merit in this contention. It is firmly settled in this jurisdiction that "final judgments" as used in *Rules* 4:2–1 and 1:2–1 are those from which writs of error would lie under the old practice. At common law and under

the Practice Act of 1912 a writ of error, or an appeal tantamount thereto, would not lie until after final judgment or final disposition of the case, not only as to all issues but as to all parties. Therefore, an order to be appealable as a "final judgment" under the foregoing rules "must be final in the suit, not as to an intermediate or incidental particular but in regard to the principal matter in controversy." *In re Url,* 5 *N. J.* 507, 513 (1950); *Sobol v. Chelsea Hotel Corporation,* 1 *N. J.* 13 (1948); *Allgair v. Hickman,* 82 *N. J. L.* 369, 372 (*E. & A.* 1911); *Essex Foundry v. Biondella,* 126 *N. J. L.* 157, 161 (*E. & A.* 1940).

▉ Obviously, the order in question does not meet the requirements of a final judgment within the intendment of *Rules* 4:2–1 and 1:2–1, since it is not a final disposition of all the issues in the case.

In the alternative, however, the company contends that even if the order is interlocutory, it is, nevertheless, appealable to the Appellate Division under subsection (c) of *Rule* 4:2–2, now 4:2–2(a)(3), by the amendment of December 7, 1950, which permits an appeal from an interlocutory order or judgment "Determining that the court has jurisdiction over the subject matter or the person." It is argued that the above quoted clause of the policy providing that no action shall lie against the company until the amount of the insured's obligation has been determined by judgment or by written agreement of the insured, the claimant and the company, creates a condition precedent and until it is met the court lacks jurisdiction to entertain a third party action under *Rule* 3:14–1.

▉ This argument wholly misconceives the legal import of jurisdiction. In the judicial sense jurisdiction has been defined to be the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials: (1) the court must have cognizance of the class of cases to which the one to be adjudicated belongs; (2) the proper parties must be present, and (3) the point to be decided must be, in substance and effect, within the issue. *Munday v. Vail,* 34 *N. J. L.* 418, 422 (*Sup. Ct.* 1871); *Leachman v. Kite,* 133 *N. J. L.* 240, 241 (*Sup. Ct.* 1945); affirmed,

*Ibid.*, 612 (*E. & A.* 1945); *In re Hall,* 94 *N. J. Eq.* 108, 113 (*Ch.* 1922).

 Jurisdiction over the subject matter, as here contemplated, is the power to hear and determine cases of the general class to which the proceeding in question belongs, and the present action is one in contract. The power of a court to deal with the subject matter of any given cause of action rests solely upon its having been clothed with such power by the constitution or by valid legislative enactment. The parties to the action cannot by their agreement invest the court with or deprive it of such power. Such jurisdiction does not depend upon the sufficiency of the complaint in a particular case, or the validity of the demand set forth therein, or the correctness of the decision rendered. *In re Hall, supra, p.* 114; *Knaus v. Chicago Title & Trust Co.,* 365 *Ill.* 588, 7 *N. E.* 2d 298, 300 (*Sup. Ct. Ill.* 1937); *State v. Smith,* 29 *R. I.* 513, 72 *A.* 710 (*Sup. Ct. R. I.* 1909); *State v. Baker,* 102 *N. J. L.* 349, 353 (*E. & A.* 1925); 14 *Am. Jur.* (*Courts*), § 184, *p.* 380; 21 *C. J. S.* (*Courts*), § 35(c), *p.* 44. As was aptly said in *Pope v. United States,* 323 *U. S.* 1, 14, 65 *S. Ct.* 16, 89 *L. Ed.* 3, 13 (1944), "Jurisdiction to decide is jurisdiction to make a wrong as well as a right decision." The former may be corrected by appeal, but not because of lack of jurisdiction.

 Our Superior Court is a court of "original jurisdiction throughout the State in all causes," *N. J. Const.,* 1947, *Art.* 6, § 3, *par.* 2, and the third-party complaint now before us states a case in contract within the general jurisdiction so conferred. Clearly, therefore, the trial court has jurisdiction over the subject matter thereof and it is not contended that jurisdiction over the person is lacking. The "no action" clause in the policy does not go to the jurisdiction of the court, but merely to the question of whether or not the insured party may be successful in any action on the insurance contract over which action the court does have jurisdiction. In other words, the clause pertains to the contractual obligation of the insured and not to the jurisdiction of the court to determine its scope and application in the particular action, espe-

cially in view of *Rule* 3:14-1 permitting a third-party complaint where the third-party defendant is "or may be" liable to the third-party plaintiff for all or part of the claim asserted against him by the plaintiff in the main action.

The fact that Falzarano has proceeded by means of a third-party complaint pursuant to *Rule* 3:14-1 does not prejudice the substantial rights of the company under the policy, since by direction of the trial court the third-party complaint will not be tried until after the determination of the main case. Merely holding the third-party action in abeyance does not raise a jurisdictional question, affect substantive rights or impair constitutional guarantees.

The judgment of the Appellate Division of the Superior Court dismissing the appeal from the order of the Law Division of that court is accordingly affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.