22 N.J. Super. 246 (1952)
92 A.2d 42
JOHN J. McCOMBS AND MARTHA McCOMBS, INDIVIDUALLY, AND MARCIA McCOMBS, BY HER GUARDIAN AD LITEM JOHN J. McCOMBS, PLAINTIFFS-APPELLANTS,
v.
RICHARD PENISTON, ALTA COHEN AND GEORGE H. KOLB, TRADING AS KOLB'S GARAGE, DEFENDANTS-RESPONDENTS.
JOHN J. McCOMBS, PLAINTIFF-APPELLANT,
v.
RICHARD PENISTON, ALTA COHEN AND GEORGE H. KOLB, TRADING AS KOLB'S GARAGE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 8, 1952.
Decided September 23, 1952.
*247 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Frank J. Brunetto, Jr., attorney for and of counsel with plaintiffs-appellants on both appeals.
Mr. Bernard Shurkin argued the cause for defendants-respondents on both appeals (Messrs. Sanderson & Engel, attorneys; Mr. Eugene W. Cullen on the brief).
The opinion of the court was delivered by PROCTOR, J.S.C. (temporarily assigned).
These actions, consolidated for trial, were brought to recover damages resulting from a collision involving a truck occupied by the plaintiffs and an automobile operated by the defendant *248 Peniston and owned by the defendant Cohen. The other defendant, Kolb, was the owner of a public garage and the alleged employer of Peniston.
A judgment of dismissal was granted in favor of the defendant Kolb at the conclusion of plaintiffs' case. The question of the liability of the remaining defendants was submitted to the jury. The jury failed to agree on a verdict and the action was marked for a retrial "Date to be Fixed."
Plaintiffs appeal from the judgment dismissing the action against Kolb.
Appeals to this court in civil cases are governed by Rule 4:2-1 and Rule 4:2-2. Rule 4:2-1, which applies to this case, provides that appeals may be taken from final judgments. In Petersen v. Falzarano, 6 N.J. 447 (1951), the Supreme Court said (at page 452):
"It is firmly settled in this jurisdiction that `final judgments' as used in Rules 4:2-1 and 1:2-1 are those from which writs of error would lie under the old practice. At common law and under the Practice Act of 1912 a writ of error, or an appeal tantamount thereto, would not lie until after final judgment or final disposition of the case, not only as to all issues but as to all parties."
See also Young, Adm'r., v. Board of Education, 84 N.J.L. 770 (E. & A. 1913); Wheat v. Public Service Gas Co., 97 N.J.L. 584 (E. & A. 1922); DeSalvo v. Friedman, 112 N.J.L. 410 (E. & A. 1934); Note, 1 A.L.R.2d 422.
It is apparent from the record that there has been no final disposition of the case since the action against Peniston and Cohen has not been terminated.
The requirement of a final judgment, as to all parties and all issues, rests upon the ground that intermediate appeals would unduly delay the final disposition of litigation and that a complete disposition of the matter in the trial court may make an appeal moot. For example, in the present case, at the retrial the jury may find in favor of Peniston, the driver of the Cohen car and the alleged servant of Kolb, and in that event the action against Kolb, the alleged principal *249 of Peniston, would necessarily fail, being predicated on Peniston's negligence. Cf. Hoffman Associates, Inc. v. Snook, 112 N.J.L. 68 (E. & A. 1934).
The appeal is premature and must be dismissed but without costs. If, after final judgment, appellants should then appeal, application may be made to this court to use the briefs and appendix already printed with appropriate supplementation to avoid duplication of expense.