22 N.J. Super. 332 (1952)
92 A.2d 50
ISIDORE EISENBERG AND ALAN SINGER, PLAINTIFFS-RESPONDENTS,
v.
TRAD TELEVISION CORP., A CORPORATION OF DELAWARE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1952.
Decided October 27, 1952.
*333 Before Judges JAYNE, PROCTOR and SCHETTINO.
Mr. Michael G. Alenick argued the cause for plaintiffs-respondents.
Mr. E. Alexander Edelstein argued the cause for defendant-appellant (Messrs. Edelstein & Edelstein, attorneys).
The opinion of the court was delivered by PROCTOR, J.S.C. (temporarily assigned).
Defendant, Trad Television Corporation, appeals from an order denying its application to amend its counterclaim and from a judgment dismissing the counterclaim.
Plaintiffs instituted an action against the defendant corporation and its employee, Christopher, for malicious prosecution. The criminal charge on which the action was based arose out of a transaction in which the defendant corporation sold certain merchandise to Whitehall Television Company to be paid for on delivery; the plaintiffs were officers of the Whitehall company and in payment gave to defendant's employee a corporate check signed by them which the bank later returned with a notation "Insufficient Funds." Both defendants filed answers and the defendant corporation filed a counterclaim based on fraud, alleging as damages the price of the merchandise. Plaintiffs moved to dismiss the counterclaim *334 and the defendant moved to amend it. From the order and judgment entered in favor of the plaintiffs on both motions defendant corporation appeals. The record discloses no disposition of the action for malicious prosecution and at the oral argument the pendency of the action was admitted.
At the outset, we must determine whether an appeal lies from the above mentioned order and judgment.
Rule 4:2-1 provides that appeals may be taken to this court from final judgments. A "final judgment" under this rule has been construed to be a final disposition of the case, not only as to all issues but as to all parties. Petersen v. Falzarano, 6 N.J. 447, 452-453 (1951). But where, as in the present case, the action embraces multiple claims, and only one of them has been adjudicated, the above rule must be considered together with Rule 3:54-2, which follows:
"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more, but less than all of the claims, only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." (Italics supplied)
This rule is identical with the Federal Rule 54 (b), 28 U.S.C.A., as amended March 19, 1948. The amendment to the federal rule was adopted because of conflicting federal decisions relating to the finality of judgments, which resulted in litigants being forced to appeal each order or judgment separately to avoid inter alia the risk of the expiration of the time for appeal. In order to remove such uncertainty and to reduce the number of piecemeal appeals, the rule as amended furnishes an objective test as to such judgments that are not appealable prior to the final disposition of the entire case. 56 Yale Law J. 141 (1946). See Federal Advisory *335 Committee Notes On Amended Rule 54 (b), reprinted in 2 Waltzinger, New Jersey Practice, 864 (1949). The federal courts have held judgments of dismissal of counterclaims to be within the rule. Winsor v. Daumit, 179 F.2d 475 (7 Cir., 1950); Robinson Bros. & Co. v. Tygart Steel Products Co., 184 F.2d 534 (3 Cir., 1950); Maizel v. Epstein, 196 F.2d 44 (D.C. Cir. 1952). See also Etten v. Kauffman, 179 F.2d 302 (3 Cir., 1950), certiorari denied 340 U.S. 931, 71 S.Ct. 492, 95 L.Ed. 672 (1951); Lopinsky v. Hertz Drive-UR-Self Systems, 194 F.2d 422 (2 Cir., 1951).
The effect of the rule makes a "determination" by the trial court a condition precedent to the right of appeal. In the absence of such "determination" the order or judgment remains subject to revision or recall by the trial court at any time before the end of the entire litigation. See Republic of China v. American Express Co., 190 F.2d 334, 338-339 (2 Cir., 1951). In the present case the trial court made no determination that there was "no just reason for delay" as provided in Rule 3:54-2. Thus the order and judgment from which this appeal has been taken are, under the rule, not final, Cf. Marchitto v. Central R. Co. of N.J., 18 N.J. Super. 163, 168-169 (App. Div. 1952), certif. denied 9 N.J. 403 (1952), but are interlocutory and not within those interlocutory orders and judgments appealable under Rule 4:2-2.
For the above reasons we hold that at the present posture of the case the appeal is premature. Obviously, this is without prejudice to the rights of the defendant, and further action in the premises is left to the discretion of the trial court. In the event that the trial court should see fit to supply the "determination" as required by Rule 3:54-2, and to render a judgment in conformity therewith, and the present appellant should decide to appeal to this court from that judgment, it will not be necessary for the parties to have the briefs and appendices reprinted.
The appeal is dismissed. No costs.