22 N.J. Super. 249 (1952)
92 A.2d 81
JULES O. VOLLBEHR, PLAINTIFF-APPELLANT,
v.
SARAH E. INGRAM, CHEMICAL INDUSTRIES, INC., ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided October 27, 1952.
*250 Before Judges EASTWOOD, GOLDMANN and FRANCIS.
Mr. Mortimer Neuman argued the cause for plaintiff-appellant (Mr. Benjamin L. Walters, attorney).
Mr. Milton B. Conford argued the cause for defendants-respondents (Messrs. Stein, Stern & Conford, attorneys).
The opinion of the court was delivered by FRANCIS, J.C.C. (temporarily assigned).
The plaintiff, a resident of the State of New York, instituted a stockholder's representative action against the four defendants, A. Maschmeijer, Jr., Inc., Sarah E. Ingram, Benjamin F. Knopp, and Chemical Industries, Inc. Mrs. Ingram and Knopp are residents of New York; A. Maschmeijer, Jr., Inc. is a New York corporation, authorized to do business in New Jersey; Chemical Industries, Inc. is a New Jersey corporation; both corporations have statutory agents in New Jersey upon whom service of process can be made.
*251 Mrs. Ingram is an officer of both corporations, and on September 24, 1951 service of process as to her individually and as to the corporations was made by serving her in New Jersey at the Newark, New Jersey, plant of A. Maschmeijer, Jr., Inc. At the time of service a deputy sheriff handed her copies of the complaint in addition to the summonses. Examination of the complaint revealed that it was not verified. Rule 3:23-2 provides:
"In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath * * *."
Thereafter and before an answer was filed defendants served a notice of motion returnable October 11, 1951, directed to the validity of the complaint. This motion sought "an order dismissing the complaint filed herein for failure to state a claim upon which relief can be granted for the reason that the plaintiff has failed to verify by oath the allegations contained therein, in accordance with Rule 3:23-2." Argument thereof was continued by agreement of counsel until October 26, 1951.
It appears from the affidavits in the record that a verification of the complaint was executed by the plaintiff prior to the service thereof, and that through inadvertence it was not attached to the complaint. The unverified complaint was filed September 24, 1951. Then after some abortive attempts to file the verification, it was finally recorded on October 5, 1951. On October 17, 1951 an amended complaint duly verified was filed by the plaintiff. The only change accomplished by the amendment was the addition of the verification.
On learning of the filing of the verification defendants served and filed another notice of motion returnable on the continued date of the first motion. This motion sought an order setting aside the service of summons and complaint *252 on the grounds that Mrs. Ingram had been induced fraudulently to come into the jurisdiction for the purpose of effecting service of process upon her, and that the service of process was deficient because an incomplete complaint  one lacking the mandatory verification  was served with the summons.
After argument, at the outset of which defendants abandoned their first motion, the trial court concluded that the service of the summons and complaint was defective "for the reason that a part of the complaint filed with the Clerk of the Court, i.e., the verification thereof, was not served upon the defendants at the time of the service of the summons." Accordingly the service was vacated, the order providing also that it was without prejudice to the right of the plaintiff to make legal and proper service upon the defendants or any of them.
Plaintiff appeals and defendants move to dismiss the appeal on the ground that the order is not a final judgment or an appealable interlocutory order. The motion was denied by the Appellate Division with leave to renew it on the argument of the appeal. Consequently we now have for determination both the motion and the appeal.
From our examination of the record we are satisfied that the appeal was improperly taken and the motion to dismiss must be granted. The order appealed from is not a final judgment. In order to be considered a final judgment and so appealable under Rules 1:2-1 and 4:2-1 an order must dispose of the issues as to all the parties. Petersen v. Falzarano, 6 N.J. 447 (1951). Plaintiff's complaint was not dismissed and the action is still pending. A new summons may be issued and served with the verified complaint on the defendants. The defendant corporations can be served readily in this State and the action tried against them. The fact that it may be difficult to effect service here upon the individual defendant because of her New York residence does not alter the case. She is not an indispensable party; the remedy sought in the complaint against the corporate *253 defendants may be obtained whether or not she is a party. It is true that if she is not re-served in this jurisdiction plaintiff cannot dispose of his claimed cause of action against her in the pending proceeding. But inconvenience arising out of the necessity for one resident of the State of New York to pursue another resident of the same state in the courts of their home state cannot be considered a qualifying influence on the application of our rule that an order is not appealable unless the action is disposed of as to all parties.