23 N.J. Super. 301 (1952)
92 A.2d 819
MICHAEL BARTZAK, PLAINTIFF, AND ANNA BARTZAK, HIS WIFE, PLAINTIFF-APPELLANT,
v.
JOHN W. McGRATH CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1952.
Decided November 25, 1952.
*302 Before Judges FREUND, STANTON and CONLON.
Mr. Louis J. Greenberg argued the cause for the appellant (Mr. Samuel M. Cole, attorney).
Mr. Paul J. O'Neill argued the cause for the respondent.
The opinion of the court was delivered by STANTON, J.A.D.
This is a negligence action in which the plaintiffs are husband and wife. He seeks damages for personal injuries and she per quod consortium amisit. Her action was dismissed for failure to state a claim upon which relief can be granted. The husband's action is awaiting trial. She appeals from the dismissal.
The defendant at the outset calls attention to the fact that a final judgment has not been entered and therefore *303 an appeal does not lie under Rule 4:2-1. It is well settled that an appeal lies only from a judgment which is a final disposition of the case as to all the issues and all the parties, unless it falls into the interlocutory class defined in Rule 4:2-2. Petersen v. Falzarano, 6 N.J. 447, 452 (1951). However, under Rule 3:54-2 where there has been a disposition of one or more but less than all the claims in an action comprising multiple claims, the court may direct the entry of a final judgment but "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Such determination and direction were not made by the trial court.
This rule was applied in the recent case of Eisenberg v. Trad Television Corp., 22 N.J. Super. 332 (App. Div. 1952), where an appeal was taken from the dismissal of a counterclaim while the main action remained undetermined. There the appeal was dismissed without prejudice as premature and with the provision that if the trial court saw fit to make the determination and direction required by Rule 3:54-2 and the appellant should appeal to this court from the judgment entered pursuant thereto, the parties might use the briefs and appendices already printed. That will be the disposition here.
It should be added that the order entered is not one of the class of interlocutory orders which are appealable under Rule 4:2-2.
The appeal is dismissed without costs.