27 N.J. Super. 400 (1953)
99 A.2d 533
MICHAEL A. SAGARESE, PLAINTIFF-APPELLANT,
v.
BOARD OF HEALTH OF THE TOWN OF MORRISTOWN, DEFENDANT, AND THE MAYOR AND BOARD OF ALDERMEN OF THE TOWN OF MORRISTOWN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1953.
Decided October 1, 1953.
*402 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Harry Kalisch argued the cause for plaintiff-appellant (Mr. Michael A. Sagarese, pro se).
Mr. John D. Collins argued the cause for the Town of Morristown (Mr. Bertram Polow on the brief).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The plaintiff brought this action against the Board of Health of the Town of Morristown and the Mayor and Board of Aldermen of the Town of Morristown. On motion of the town the action was dismissed as against it, and the plaintiff appeals from the order of dismissal. The suit is still pending as against the board of health.
It is urged that the appeal is improper. We agree, but not for the reasons advanced. If a judgment or order does not finally dispose of the case as to all parties, it is not appealable as a final judgment. Petersen v. Falzarano, 6 N.J. 447 (1951); McCombs v. Peniston, 22 N.J. Super. 246 (App. Div. 1952); Bartzak v. John W. McGrath Corp., 23 N.J. Super. 301 (App. Div. 1952). Nor is the order here appealable as an interlocutory order under R.R. 2:2-3.
The appeal will therefore have to be dismissed. However, the matter has been fully gone into by counsel, and it may be of service in the further proceedings below if we pass upon certain questions raised. Plaintiff seeks to recover in part upon the basis of ordinances of the Town of Morristown adopted April 11, 1949 and May 28, 1951 establishing the salary range of a plumbing inspector, and also, possibly, upon the basis of other action taken by the town fixing his salary and dealing with automobile expenses, bonuses, salary increases and perhaps services rendered in the revision of the town's plumbing code and the drafting of a new code.
R.S. 26:3-19 provides that a local board of health may employ personnel, including plumbing inspectors, and that it "shall fix the * * * compensation of every appointee." *403 Any action on the part of the town to fix plaintiff's salary or any other action on its part fixing his compensation or his right to recover for expenses (if the town took any other action) was beyond its power. The mayor and board of aldermen cannot intrude upon the duties given by law to the board of health alone. Similarly it has been held under R.S. 26:3-19 that the board of health has the entire authority to appoint a plumbing inspector; the municipality has no such authority. Valdes v. Baumann, 131 N.J.L. 43 (Sup. Ct. 1943).
Plaintiff relies further upon an implied contract or an estoppel. The actions of the town being void, nothing can be founded upon them by way of an implied contract. Frank v. Board of Education, 90 N.J.L. 273 (E. & A. 1917); Peoples Water Co. v. Millville, 95 N.J. Eq. 732 (E. & A. 1923). Nor can the town's corporate powers be extended by the operation of the doctrine of estoppel. There is a public necessity of limiting the engagements of a municipal corporation to those allowed by law. Hill Dredging Co. v. Ventnor City, 77 N.J. Eq. 467 (Ch. 1910). The claims of the plaintiff raised upon the ordinances or any other action on the part of the town fixing his compensation or expense money therefore fall.
The town's attorney stated on the argument that the town would pay any judgment, finally secured, rendered against the board of health. There seems to be no need then to deal with the other questions presented.
Appeal dismissed.