THE MORTGAGE CORPORATION OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE AETNA CASUALTY & SURETY COMPANY, A CORPORATION OF THE STATE OF CONNECTICUT, DEFENDANT-RESPONDENT.

Argued March 21, 1955—Decided June 20, 1955.

*Mr. Theodore McC. Marsh* argued the cause for the appellant (*Messrs. Riker, Emery & Danzig*, attorneys; *Mr. Everett M. Scherer*, of counsel).

*Mr. Charles W. Broadhurst* argued the cause for the respondent (*Messrs. Emory, Langan & Lamb*, attorneys).

The opinion of the court was delivered by

OLIPHANT, J.  This is an appeal from a judgment of "no cause of action" entered by direction of the trial judge in

the Superior Court, Law Division, Essex County, in favor of the defendant and against the appellant. It is a companion appeal to the appeal disposed of by this court in *Mortgage Corporation of New Jersey v. Aetna Casualty & Surety Co.*, 19 *N. J.* 30 (1955). While the appeal was pending in the Appellate Division we certified it on our own motion.

This appeal relates to the cause of action in the second count of the complaint filed by the plaintiff against the defendant to recover on an indemnity policy. The complaint consisted of two causes of action, the first count based upon the delinquency or failure of duty of an employee of the plaintiff, one Harrison, and the second count was based upon alleged delinquencies and failure of duty of one Stoldt, who is alleged to be the attorney for the plaintiff in certain transactions. The rights and liabilities as to the first count were settled by the opinion of this court in *Mortgage Corporation of New Jersey v. Aetna Casualty & Surety Co., supra,* and a judgment in favor of the plaintiff was ordered to be entered.

The case was originally tried before Judge Ewart on January 18 to 22, 1954. The statement of verdict filed pursuant to *R. R.* 4:59 states:

"The court on motion of attorney for defendant ordered judgment in favor of the defendant as to the 2nd count of the complaint, whereupon the trial continued as to the 1st count only.

The cause having been heard and submitted to the jury, they returned their verdict as follows:

They find No Cause for action in favor of the defendant on the complaint of the plaintiff."

In accordance with this statement of verdict the clerk, on January 29, 1954, entered a final judgment which adjudicated all claims as to all parties set forth in the complaint.

On February 5, 1954 plaintiff-appellant made a motion for entry of judgment in its favor on the first count "notwithstanding the verdict of the jury" and in the alternative to set aside the verdict of the jury on the first count and to grant a new trial as to this count. Also incorporated in

this motion was a second motion to set aside the verdict in favor of the defendant on the second count, the cause here under consideration, and to grant a new trial on the ground that a jury question was raised as to the employment of one Stoldt as its attorney to handle certain transactions for it.

On March 6, 1954 the trial court awarded a new trial on the first count but denied the motion for a new trial on the second count. No appeal was taken from that part of the order denying the new trial on the second count on which a final judgment had been entered.

The retrial of the issues on the first count was had in the Law Division and on September 29, 1954 the jury returned a verdict of "no cause of action in favor of the defendant." Again an application was made for a new trial and for the entry of a judgment despite the jury verdict, and the then trial court set aside this verdict on the first count and ordered a judgment entered in the sum of $88,253.40 in favor of the plaintiff and against the defendant.

The defendant appealed from this judgment and filed its notice of appeal on December 8, 1954, and on the same day the plaintiff filed a notice of cross-appeal from the judgment entered in favor of the defendant on January 29, 1954, and from the order of Judge Ewart of March 6, 1954, denying a new trial of the issues raised by the second count.

As to this cross-appeal the defendant, *in limine*, challenges it on the ground it was filed out of time and that it should have been filed within 45 days from January 29, 1954, or in the alternative from March 6, 1954. *R. R.* 1:3–1(*b*); *R. R.* 2:2–1.

The plaintiff takes the position that the judgment of January 29, 1954, and the order of March 6, 1954, were not such final judgments from which an appeal could be taken as contemplated by *R. R.* 4:55–2. It contends that such a judgment could only be entered "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment," and it further asserts that the time for taking an appeal is tolled during the pendency of an application for a new trial, *R. R.* 1:3–3(*f*),

and that the time only begins to run again when an order is made denying a motion for a new trial. It relies on the cases of *Petersen v. Falzarano*, 6 *N. J.* 447, 452 (1951); *Eisenberg v. Trad Television Corp.*, 22 *N. J. Super.* 332 (*App. Div.* 1952); *Bartzak v. John W. McGrath Corp.*, 23 *N. J. Super.* 301, 303 (*App. Div.* 1952); *Sagarese v. Board of Health of Town of Morristown*, 27 *N. J. Super.* 400 (*App. Div.* 1953), contending that these cases hold that if an order or judgment does not fully dispose of a cause as to all issues and parties it is not the final judgment that is appealable under the Constitution and the Civil Practice Rules.

■ By citing these cases as applicable to the appeal challenged here, it is clear that the plaintiff misapprehends the purpose and application of *R. R.* 4:55–2. The rule regulates the entry of incidental orders or judgments prior to the entry of a final judgment in the cause as to all issues and all parties. It inhibits the mischief of a number of piecemeal appeals from orders or judgments which dispose of only part of the claims, counterclaims and cross-claims as to some of the issues and parties. The purpose of the provisions that such orders and judgments can only be entered upon an express direction for the entry of judgment is to leave in the discretion of the trial court the question as to whether such determination is final as to all issues relating to one or several of the parties and therefore appealable. It is obvious that the rule applies only to situations prior to the entry of a final judgment.

As stated before, a final judgment as to all issues and parties in this case was entered on January 29, 1954. At that time the plaintiff had two possible courses to take: (1) to appeal from this final judgment as entered; (2) to make a motion for a new trial. It chose the latter course and was granted a new trial as to the first count of the complaint, but his motion was denied as for the directed judgment for the defendant or a new trial on the second count. The effect of this order was merely to vacate that portion of the final judgment as entered relating to the first count and the defendant Harrison and left standing on record a final

judgment as to the second count in favor of the defendant Stoldt, which part of the judgment was a final judgment as to all the parties and issues to the cause of action alleged in that count.

There was no necessity for the entry of an additional judgment on the second count at that point nor would a second judgment be entered on that count if the same result had been obtained on an appeal from the judgment of January 29, 1954. Such is not the practice because it would lead to undue difficulties in certain situations. If this were a money judgment which had become a lien on the property the result contended for by the plaintiff could result in real mischief and uncertainty.

We have concluded that the plaintiff had a right to appeal from the final judgment of January 29, 1954 as it related to the second count, or from the order of March 6, 1954 denying the motion to set aside the judgment in favor of the defendant on the second count, and therefore its cross-appeal filed on December 8, 1954 was out of time.

While the common question of law which is the substantive question on this appeal was decided in the plaintiff's favor in *Mortgage Corporation of New Jersey v. Aetna Casualty & Surety Co., supra,* nevertheless the facts proven under the second count do not bring the plaintiff within the terms and conditions of the indemnity bond sued on. We have carefully examined the record and we agree with Judge Ewart that no attorney and client relationship was established between the plaintiff and the defendant Stoldt; that the record at most indicates that Stoldt made it clear that a prior relationship of attorney and client which had existed was terminated and the plaintiff acquiesced in this; and then the plaintiff suggested Stoldt should get certain releases from the overall mortgage for them while he was discharging his duty closing titles on individual sales of property out of the development on behalf of his client, Closter Village, Inc., of which he was also president. In the circumstances, an attorney and client relationship existed between Stoldt and Closter Village, Inc., and it would be stretching this rela-

tionship beyond its normal import to hold that a concurring attorney and client relationship existed between Stoldt and the plaintiff here. Under the terms of the bond which covered employees of the plaintiff it was necessary that an attorney and client relationship exist between Stoldt and the plaintiff before Stoldt could be considered an employee for whose dishonest, fraudulent or criminal acts the defendant was bound to indemnify the plaintiff.

The appeal is dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD and BURLING—5.

*For affirmance*—Justices JACOBS and BRENNAN—2.