37 N.J. Super. 139 (1955)
117 A.2d 131
CHARLES B. THATCHER, JR., PLAINTIFF-APPELLANT,
v.
JERRY O'MAHONY, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued August 29, 1955.
Decided September 16, 1955.
*140 Before Judges GOLDMANN, EWART and TOMASULO.
Mr. Charles B. Thatcher, Jr., pro se (Mr. John S. Thatcher, on the brief).
No brief or appearance for respondent.
PER CURIAM.
Plaintiff, a minority stockholder in defendant company (a New Jersey corporation), filed his complaint in the Chancery Division seeking access to the corporate books and records  a privilege which had been denied him  and a judgment invalidating the action of a stockholders' meeting ratifying a certain stock option agreement under which new interests came into control of the corporation. The court dismissed the latter part of the *141 complaint because of failure to join as necessary parties defendant the beneficiaries under the agreement. It noted that plaintiff had not asked for leave to join additional parties. After observing that inspection of the corporate books and records was available by an action in lieu of the prerogative writ of mandamus, Siena v. Grand Lodge, etc., Order Sons of Italy, 11 N.J. Super. 507 (App. Div. 1951), the court transferred the remainder of the case to the Law Division. Plaintiff appeals from the dismissal of part of his complaint.
It appears that in November 1953 defendant entered into a loan agreement with one Acker and others whereby Acker agreed to lend defendant $250,000 on mortgage and other collateral security, in return for which he was given the option to purchase 250,000 shares of the authorized but unissued common stock of the corporation at $1.75 a share. The agreement also called for a new board of directors to be elected forthwith at the instance of Acker. Soon after, Acker and his nominees Liftig and Freedman, all of them direct beneficiaries under the agreement, were elected to defendant's board of directors, thus giving Acker control of the board.
On January 18, 1954 the loan agreement was amended to provide for the purchase of the 250,000 shares by Acker and his nominees at $1 a share or the book value per share (estimated at 44 to 50 cents), whichever was lower at the time of the exercise of the option. Defendant's board of directors, then controlled by Acker and his associates, approved the amended loan agreement the same day. Thereafter a notice was sent to all stockholders of record that a special meeting of stockholders would be held at the principal office of the corporation in Elizabeth, New Jersey, on March 1, 1955. Among the stated purposes of the meeting was approval of the amended loan agreement, an abstract of which was set out in the notice. The meeting, which plaintiff attended, ratified the agreement.
It is unnecessary to set out the specific charges of fraud, mismanagement, improper use of fiduciary relationship and *142 other wrongdoing which the verified amended complaint levels against Acker, Liftig, Freedman and the defendant company's president Strandlund, four of the five members of the board of directors. The separate defenses set up in the answer were that (1) the application to examine the corporate books and records was not made in good faith; (2) the examination would be an unnecessary and futile harassment; (3) plaintiff omitted to join as parties defendant the officers and directors against whom he brought his charges; and (4) the suit, instituted after discussion and approval of the stock issue plan by a majority of the stockholders, was not brought in good faith but for the purpose of harassment. Pursuant to the reservation made in its answer, defendant thereafter moved to strike the amended complaint for failure to join the four named directors as indispensable parties defendant. The affidavit accompanying the motion reveals that the 250,000 shares of common stock mentioned in the amended complaint had already been issued in accordance with the loan agreement, and the stock certificates delivered.
We need not deal with plaintiff's contention that the named directors are not indispensable parties defendant because their legal rights would in no way be affected by the relief sought under the amended complaint. This may be true under a narrow reading of the complaint, but the appeal must be dismissed on another ground.
Where more than one claim for relief is presented in an action, as in the case before us, the court may direct the entry of a final judgment upon one or more, but less than all of the claims, "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." R.R. 4:55-2. It is firmly settled that "final judgment," as used in the rules, means final judgment or final *143 disposition of the case not only as to all issues but as to all parties. Petersen v. Falzarano, 6 N.J. 447, 452 (1951); Coastal Oil Co. v. Eastern Tankers Seaways Corp., 29 N.J. Super. 565, 573 (App. Div. 1954); Bartzak v. John W. McGrath Corp., 23 N.J. Super. 301, 303 (App. Div. 1952); Eisenberg v. Trad Television Corp., 22 N.J. Super. 332, 334 (App. Div. 1952); McCombs v. Peniston, 22 N.J. Super. 246, 248 (App. Div. 1952); Vollbehr v. Ingram, 22 N.J. Super. 249, 252 (App. Div. 1952).
The Chancery Division order dismissed only one part of the amended complaint  that in which plaintiff sought to avoid the stockholders' approval of the stock option plan. The court did not determine that there was no just reason for delay, nor did it expressly direct the entry of a final judgment upon the claim. The order did not, therefore, constitute a final judgment from which an appeal may be taken under R.R. 2:2-1.
Nor was the order an interlocutory one from which an appeal may be taken as of right under R.R. 2:2-3(a). Plaintiff's argument that the order was one "determining that the court has jurisdiction over the subject matter or the person," under R.R. 2:2-3(a)(3), is without merit. The court did not so determine. Its dismissal of part of the amended complaint was for want of proper and indispensable parties, and not a jurisdictional disposition.
No application for leave to appeal having been made under R.R. 2:2-3(b), the appeal must be dismissed.