IN THE MATTER OF THE ADOPTION OF A CHILD BY D.F.H. AND M.L.P. H/W, APPELLANTS.[1] IN RE ADOPTION OF A CHILD BY MR. AND MRS. JOHN DOE, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 10, 1988—Decided February 8, 1989.

Before Judges BRODY, ASHBEY and SKILLMAN.

*Steven B. Sacharow* argued the cause for appellants in Docket No. A–5383–87T3F (*Robinson* and *Sacharow*, attorneys; *Steven B. Sacharow*, of counsel and on the brief).

*Lee M. Hymerling* argued the cause for appellants in Docket No. A–6–88T3F (*Archer & Greiner*, attorneys; *Lee M. Hymerling and William J. Thompson*, of counsel and on the brief).

---

[1] These appellants and the appellants in 27 other actions took this appeal. Five of the appellants have withdrawn from the appeal.

*Brenda Talbot Lewis*, Deputy Attorney General, argued the cause for Intervenor, Attorney General of New Jersey (*Cary Edwards*, Attorney General, attorney; *Andrea M. Silkowitz*, Assistant Attorney General, of counsel; *Brenda Talbot Lewis*, on the brief).

*Charles H. Fash*, argued the cause as guardian ad litem.

*Seton Hall Family Law Clinic, amicus curiae* (*James B. Boskey*, on the brief).

The opinion of the court was delivered by
BRODY, J.A.D.

The trial court, *sua sponte*, dismissed the complaints for adoption in these consolidated appeals, holding that the court lacked subject-matter jurisdiction because in each case the plaintiffs are nonresidents of this State. We now reverse and hold that the Legislature has given the Superior Court jurisdiction to grant adoptions to nonresidents if the child was placed with them by an adoption agency approved by the New Jersey Department of Human Services (hereinafter referred to as an approved agency).

None of the plaintiffs resides in this State. Most reside in Pennsylvania where the Golden Cradle Adoption Agency, the approved agency, had its offices before moving from Philadelphia to Camden. Our analysis does not require an elaboration of these basic facts.

To begin with, the issue before us is not whether the Superior Court may exercise its authority over parties not summoned before it in accordance with due process. *See International Shoe Co. v. Washington*, 326 *U.S.* 310, 316, 66 *S.Ct.* 154, 158, 90 *L.Ed.* 95, 102 (1945). The parties here have submitted to the *in personam* jurisdiction of the Court. Rather, the issue is whether the Superior Court *has* the authority to grant adoptions to plaintiffs who are nonresidents but who received the child to be adopted from an approved agency.

The power of a court to deal with the subject matter of a case "rests solely upon its having been clothed with such power by the constitution or by valid legislative enactment." *Petersen v.*

*Falzarano*, 6 *N.J.* 447, 454 (1951). The power to grant adoptions is of statutory origin. *In re Flasch*, 51 *N.J.Super.* 1, 15 (App.Div.1958), certif. den., 28 *N.J.* 35 (1958). We therefore look to the Adoption Act (the Act), *N.J.S.A.* 9:3–37 *et seq.*, to determine whether the Legislature has given the Superior Court the power to grant adoptions to nonresident prospective parents.

The Act does not explicitly provide that plaintiffs in adoption actions may be nonresidents. However, it may fairly be inferred from its provisions that the Act empowers the Superior Court to grant adoptions to nonresident prospective parents, provided they received the child from an approved agency.

The Act establishes two kinds of adoption actions depending upon whether the prospective parents received the child from an approved agency.

Where the child has been received from an approved agency, the action is brought under *N.J.S.A.* 9:3–47. If the approved agency files a favorable report and the court is satisfied that the best interests of the child will be served by the adoption, the court must enter a judgment of adoption. If the approved agency does not consent to the adoption, the Act gives it standing "to appear at the hearing and contest the adoption." *N.J.S.A.* 9:3–47b. There is no provision in the Act for dismissal of an action brought under *N.J.S.A.* 9:3–47 for lack of subject-matter jurisdiction.

Where the child has not been received from an approved agency, the action is brought under *N.J.S.A.* 9:3–48. The court must immediately declare the child a ward of the court and appoint an approved agency to make an investigation. The court must also schedule a preliminary hearing to be held after the agency files its report and no later than three months after the action was commenced. Among the matters to be considered at the preliminary hearing is whether the court has subject-matter jurisdiction to proceed. "If in the course of the preliminary hearing the court shall determine that there is a lack of jurisdiction ... the action shall be dismissed forthwith." *N.J.S.A.* 9:3–48. Because this provision does not apply to

*N.J.S.A.* 9:3–47 adoptions where the child was received from an approved agency, we understand the Act to authorize the court to dismiss an adoption action for lack of subject-matter jurisdiction only where prospective parents are nonresidents who did not receive the child from an approved agency.

The Legislature's intent to permit nonresident plaintiffs to bring adoption actions under the Act where they received the child from an approved agency may also be inferred from the Act's venue provisions. Before the County Courts were absorbed into the Superior Court, both courts had the authority to grant adoptions. The Legislature has not yet removed references in the Act to the County Courts and those vestiges suggest that the Legislature intended that courts entertain adoption actions brought by nonresident prospective parents who received the child from an approved agency. *N.J.S.A.* 9:3–42 provides in relevant part:

> An action for adoption shall be instituted in either the Superior Court or the County Court of the county in which the prospective parent resides; provided, however, that:
>
> a. Whenever the child to be adopted has been received into the home of the prospective parent from an approved agency, *the action may be instituted in the County Court of any county in which such approved agency has an office;* ... [Emphasis added.]

We recognize that this provision standing alone could mean only that where an approved agency has placed the child in a New Jersey home, the New Jersey prospective parents may institute an adoption action in either the county where they reside or the county where the approved agency has its office. However, the legislative history of the provision suggests that the Legislature intended to authorize the Superior Court to grant adoptions to residents or nonresidents who received the child from an approved agency.

The present Act replaced the 1953 Adoption Act, which also provided for separate proceedings depending upon whether the prospective parents received the child from an approved agency. The 1953 Act contained a provision that was essentially the

same as *N.J.S.A.* 9:3–42.[2]  The Legislative Statement accompanying the 1953 Act comments that the legislation would limit but not eliminate the prior practice of permitting nonresidents to bring adoption actions:

> (4) Adoptions by nonresidents have been eliminated except for approved agency placements, and the statute has been clarified with respect to provisions of venue .:. Venue would lie where the adopting family lives or where the principal office of the placing agency is located.

This Legislative Statement to a provision of the 1953 Act that has been carried forward substantially intact as *N.J.S.A.* 9:3–42 of the present Act is persuasive evidence that the Legislature still intends that the provision empower the Superior Court to grant adoptions to nonresident prospective parents who received the child from an approved agency.

The Rules of Court echo the Act's venue provision.  *R.* 5:10–1 provides:

> An action for the adoption of a child, shall be brought or the venue laid in the county where the plaintiff is domiciled, except that if the child to be adopted is in the custody and control of an approved agency, the action may be brought or the venue laid in the county in which such approved agency has an office.

An approved agency to whom a child has been surrendered accepts "custody" of the child.  *N.J.S.A.* 9:3–41b.  "Custody" means "the general right to exercise continuing control over the person of a child derived from court order or otherwise; ..."  *N.J.S.A.* 9:3–38c.

In sum, the Adoption Act gives the Superior Court subject-matter jurisdiction to grant an adoption in an action brought by nonresident prospective parents who received the child from an approved agency.  Although not explicitly stated, that intent may fairly be inferred from (1) the prominent role the Act gives approved agencies in the adoption process, (2) the statutory

---

[2]*N.J.S.A.* 9:3–20 (repealed), *L.*1953, *c.* 264, *Sec.* 4, provided in relevant part:

> 4.  Court in which action shall be instituted.  An action for adoption shall be instituted in the Superior Court; or it may be instituted in the County Court of the county in which the plaintiff is domiciled, except that (a) whenever the child to be adopted has been received into the plaintiff's home from or with the approval of an approved agency, the action may be instituted in the County Court of the County in which such approved agency has its principal office in New Jersey; ...

provision for dismissal of adoption actions for lack of subject-matter jurisdiction if the child was not received by the prospective parents from an approved agency and there is no other basis for jurisdiction, and (3) the legislative history of the Act.

The Attorney General, arguing for a contrary conclusion, relies on the statutory definition of an "approved agency," and the statutory prohibition against unauthorized placements of children for adoption. An approved agency is defined in *N.J.S. A.* 9:3–38a as follows:

"Approved agency" shall mean a nonprofit corporation, association or agency, including any public agency, approved by the Department of Human Services for the purpose of *placing children for adoption in New Jersey; ...* [Emphasis added.]

*N.J.S.A.* 9:3–39a provides in part:

No person, firm, partnership, corporation, association or agency shall *place,* offer to place or materially assist in the *placement of any child for adoption in New Jersey* unless such person shall be the parent or guardian of the child, or such firm, partnership, corporation, association or agency shall be an approved agency; ... [Emphasis added.]

Although not entirely clear in his brief, the Attorney General appears to infer from these provisions that the Act requires an approved agency to place children for adoption only with New Jersey prospective parents. We disagree.

These provisions simply mean that placing children for adoption, an activity that can lead to "the trafficking for profit in human lives," *State v. Wasserman,* 75 *N.J.Super.* 480, 488–489 (App.Div.1962), aff'd, 39 *N.J.* 516 (1963), may not be done in New Jersey except by closely regulated approved agencies [3] and others expressly permitted by the Act to engage in that activity. *N.J.S.A.* 9:3–38a and –39a do not limit those authorized to place children for adoption to placing them only with New Jersey residents.[4]

---

[3] *See N.J.A.C.* 10:121A–1.1 *et seq.* (Manual of Standards for Adoption Agencies).

[4] We acknowledge the attorney general's concerns that permitting approved agencies to place children in the homes of nonresident prospective parents for adoption in our courts where the child has had no contact with New Jersey other than having been surrendered to an approved agency may lead some

The orders dismissing these complaints are reversed and the matters remanded for further proceedings.

agencies to over-commercialize their placement activities. On the other hand, we also acknowledge plaintiffs' concerns, shared by amicus, that the interests of some children, particularly those hard to place, may best be served by encouraging resourceful approved agencies to place out-of-state children with nonresident prospective parents and not thereby lose the compensation New Jersey approved agencies are entitled to receive by participating fully in adoption proceedings here. We leave to the legislative and regulatory processes the task of further resolving and reconciling these conflicting concerns if the present statutes and regulations are not considered adequate.