**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1552-17T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LERON YANCEY, a/k/a LAMAR
YANCY, HASON BARRONS,
LANCE COOPER, LARON
HANSON, LARON WASHINGTON,
and LARON YANCEY,

    Defendant-Appellant.

_____

Submitted January 7, 2019 – Decided April 3, 2019

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 09-11-3088 and 09-11-3090.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven E. Braun, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Tiffany M. Russo,

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant pled guilty to multiple crimes under one indictment, the most serious being first-degree offenses of aggravated manslaughter and attempted murder, and under another indictment, he pled guilty to second-degree certain persons not to possess a weapon. He was then sentenced to an aggregate prison term of eighteen years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. After his appeal for an excessive sentence was denied, he filed a post-conviction relief (PCR) petition charging that he received ineffective assistance from both his trial counsel and appellate counsel. We affirm substantially for the reasons set forth by the PCR judge in his oral and written decisions denying relief without an evidentiary hearing.

I

We begin by summarizing defendant's guilty pleas, which were entered on the same date. In Indictment 09-11-3090, defendant admitted he had an argument on April 15, 2008, with seventeen-year-old Jahad Andrews regarding a drug turf dispute in the Newark neighborhood where defendant resided. Later that day, defendant returned home and saw Jahad, with a handgun, and Farad

Andrews. As Jahad and Farad fled, defendant fired shots at them with a 40-caliber handgun. Jahad was shot in the buttocks and later died from his injuries.

Under the same indictment, defendant admitted that on May 29, 2009, he was driving a stolen car when he eluded police in a high-speed chase through three municipalities that ended with defendant crashing into other cars and causing injury to a woman. He also confessed to resisting arrest.

Defendant pled guilty to an amended count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a); first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree receiving stolen property, N.J.S.A. 2C:20-7; second-degree unlawful possession of a weapon – a handgun, N.J.S.A. 2C:39-5(b); two counts of second-degree eluding a law enforcement officer – failure to stop, N.J.S.A. 2C:29-2(b); second-degree aggravated assault causing bodily injury while eluding, N.J.S.A. 2C:12-1(b)(6); and third-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a). The charge of first-degree murder was amended to first-degree aggravated manslaughter, and the charge of conspiracy to commit murder was dismissed.

In Indictment 09-11-3088, defendant pled guilty to second-degree certain persons not to have a weapon (45-caliber handgun), N.J.S.A. 2C:39-7(b). He had no permit for the weapon.

The same judge who accepted defendant's guilty pleas also sentenced him. In accordance with the plea agreement, defendant was given concurrent terms under the two indictments, and after merger, as noted, was sentenced to an aggregate eighteen-year prison term subject to NERA.

Defendant filed a direct appeal, only challenging his sentence. An excessive sentence panel of this court affirmed his sentence. See State v. Leron Yancey, No. A-6070-12 (App. Div. Oct. 24, 2013).

Almost three years later, defendant filed a PCR petition citing that both his trial counsel and appellate counsel provided ineffective assistance. He contended trial counsel was ineffective for failing to interview two witnesses, Shahadah Smith and Alicia Woodward, and for failing to argue for a lesser sentence based on the mitigating circumstances of self-defense. He also claimed that trial counsel convinced him to plead guilty rather than go to trial. Defendant contended appellate counsel was ineffective for failing to confer with him regarding the issues to be raised on appeal, which limited his appeal to an

excessive sentence. The PCR judge, who had previously accepted defendant's plea and sentenced him, denied defendant relief without an evidentiary hearing.

## II

Defendant appeals, arguing:

> POINT I
>
> TRIAL DEFENSE COUNSEL WAS INEFFECTIVE FOR FAILING TO PROPERLY REVIEW HIS CASE, FOR FAILING TO PROVIDE INFORMATION, AND FOR CONVINCING DEFENDANT TO ABANDON HIS ORIGINAL DESIRE TO GO TO TRIAL.
>
> POINT II
>
> TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE ISSUES AT SENTENCING REGARDING SELF-DEFENSE.
>
> POINT III
>
> DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

To show ineffective assistance of counsel, defendant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). "First, the defendant must show that counsel's performance was deficient.'" State v. Taccetta, 200 N.J. 183, 193 (2009) (quoting Fritz, 105 N.J. at 52). "'Second, the

defendant must show that the deficient performance prejudiced the defense.'"

Ibid.

In considering a claim of ineffective assistance concerning a guilty plea, defendant must satisfy a modified Strickland standard:

> When a guilty plea is part of the equation, . . . "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'"
>
> [State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (citations omitted) (second alteration in original)).]

Moreover, to obtain relief under the second prong, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010) (citing Roe v. Flores-Ortega, 528 U.S. 470, 480, 486, (2000)).

An evidentiary hearing for PCR is only required when the defendant has made a prima facie showing of entitlement to such relief by demonstrating "a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (citing State v. Preciose, 129

6

N.J. 451, 463 (1992)).  A petitioner must establish the right to relief by a preponderance of the evidence.  Preciose, 129 N.J. at 459.

"[B]ald assertions" of ineffective assistance are not enough.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  A petitioner "must allege facts sufficient to demonstrate counsel's alleged substandard performance[,]" and the court must view the facts alleged in the light most favorable to the petitioner.  Ibid.  PCR petitions must be "accompanied by an affidavit or certification by the defendant, or by others, setting forth with particularity the facts that he wished to present."  State v. Jones, 219 N.J. 298, 312 (2014).

Claims of ineffective assistance of appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record, but were never raised as issues on appeal.  See State v. Echols, 199 N.J. 344, 359-61 (2009).  To obtain a new trial based on ineffective assistance of appellate counsel, it must be established that appellate counsel failed to raise an issue that would have constituted reversible error on direct appeal.  See id. at 361.  Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have found either, that no error had occurred

or that it was harmless. <u>State v. Reyes</u>, 140 N.J. 344, 365 (1995); <u>see also</u> <u>State v. Harris</u>, 181 N.J. 391, 499 (2004).

Guided by these principles, we find no merit to defendant's contentions and we affirm substantially for the reasons set forth by the judge in his oral and written decision. The judge determined that defendant failed to submit an affidavit, certification, or other competent evidence to establish what an adequate investigation by trial counsel would have revealed to support his claim that he fired gunshots at the fleeing Andrews in self-defense. There was also no showing of how the witnesses would have aided the defense. The judge further determined the record clearly showed trial counsel acknowledged at sentencing that a legal self-defense claim was not available, but he still argued for a lighter sentence than the plea agreement because defendant was outside his own home when he was confronted and fired his gun. The judge reasoned that the fact counsel's argument seeking mitigation of the sentence was rejected, "does not render counsel's assistance ineffective." Thus, defendant failed to establish a prima facie case of ineffective assistance of counsel.

With respect to defendant's assertion that trial counsel convinced him to plead guilty and abandon his desire to go trial, we agree with the State that his brief makes no argument to support the assertion. Thus, the argument is

abandoned.  See Pressler & Verniero, Current N.J. Court Rules, cmt. 4 on R. 2:6-2 (2019); see also Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

Yet, in considering the assertion, we conclude it is without merit.  Given the global resolution of two separate indictments, including the amendment of first-degree murder to first-degree manslaughter and the dismissal of first-degree conspiracy to commit, with concurrent sentences, the plea bargain was a favorable outcome and a rational decision for defendant.  Furthermore, there were no affidavits, certifications, or other competent evidence to support the contention that his plea colloquy was untruthful.  The record unequivocally indicates that his plea was entered freely, that he was satisfied with the services of trial counsel, and that he wanted the judge to accept his guilty plea.

As for appellate counsel, the judge properly determined defendant failed to show that counsel should have raised an argument on appeal that was not raised.  Defendant merely makes a "bald assertion" of ineffectiveness without identifying a specific argument that should have been raised on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1552-17T3